ARTHUR HOSMER *v.* THE HUNT DRAINAGE DISTRICT,

and

WILLIAM P. HAMMOND *v.* THE HUNT DRAINAGE DISTRICT.

*Filed at Springfield November 1, 1890.*

1.   TAXES—SPECIAL ASSESSMENTS—*forfeited lands—penalty—section 129 of the Revenue law construed.*   Section 129 of the Revenue law, providing for adding twenty-five per cent to the taxes on forfeited lands, and for the collection thereof, is a penal statute, and should not be held to embrace property not clearly within its terms.   It is confined to general taxes, and has no application to special assessments.

2.   There is no authority of law for adding twenty-five per cent to special assessments on lands forfeited to the State.   Such penalty applies only to the ordinary taxes, and it is error to include such penalty in a judgment against delinquent lands for unpaid special assessments.

Appeal from the County Court of Hancock county; the Hon. John W. Marsh, Judge, presiding.

Mr. W. C. Hooker, Mr. G. Edmunds, and Mr. W. H. Manier, for the appellants:

The amount carried forward by the county clerk from the forfeit record of 1889 to the current tax or assessment of 1889, with interest at twenty-five per cent, and costs, was so carried without authority of law, and created no charge against the lands.

Special assessments for drainage purposes, under the Drainage law, are not subject to be carried forward, with interest at twenty-five per cent, under section 129, chapter 120, of the Revised Statutes, and are not chargeable with one per cent per month after May 1, under section 177 of said chapter, and no judgment should have been rendered therefor. *Riverside Co.* v. *Howell,* 113 Ill. 256; *Owners of Lands* v. *People,* id. 296; *Chambers* v. *People,* id. 520; *Harlem* v. *Eastman,* 119 id. 22; *Drake* v. *Ogden,* 128 id. 603; *People* v. *Gale,* 93 id. 127; *Nail Co.* v. *People,* 98 id. 405; *Stamposki* v. *Stanley,* 109 id. 210.

As to some of the lands, it will be seen that in carrying forward forfeited taxes, interest at twenty-five per cent is carried forward, and accumulated about seven years, until the said interest far exceeds the tax—assessments. This court, in *Murphy* v. *People,* 120 Ill. 234, say the interest after May 1, under section 171, chapter 120, of the Revised Statutes, does not apply to special assessments. If that ruling is correct, upon the same principle the court must in this case hold, the twenty-five per cent on forfeiture does not apply to such assessments. Both are, no doubt, intended as penalties for non-payment, and both should stand or both fall. No reason or principle applies to one that does not to the other.

An examination as to benefits would show, as appellants offered to show, that the land is assessed far more than bene-

fited, and much of it to confiscation.   But for our being de-
prived of settling a bill of exceptions in 1887, the record would
show that fact.

The assessment of $520 to the north-east quarter, and $640
to the north-west quarter of section 29, town 3, range 9, by
the commissioners, under order of November 5, 1888, and
confirmed January 7, 1889, was without a shadow of author-
ity, and void.

Mr. DAVID MACK, and Mr. WILLIAM N. GROVER, for the ap-
pellee:

Upon the two tax cases we present the following views to
the court:

*First*—That objections to the assessments can not be made
on application for judgment for taxes.   *Blake* v. *People,* 109
Ill. 520, and cases there cited; *People* v. *Brislin,* 80 id. 422;
*Lehmer* v. *People ex rel.* 80 id. 601; *People* v. *Railway Co.* 83
id. 154; *Gage* v. *Parker,* 103 id. 528; *Andrews* v. *People,* 84
id. 28.

*Second*—But if this were not so, the assessments, for rea-
sons before given, were valid, and ought to be sustained.

*Third*—There is then left for consideration the questions
involved in the methods of carrying forward the taxes from
year to year, and the computation of interest, penalties, etc.
If any errors exist here, it devolves upon the objectors to show
them.

*Fourth*—The rule that we feel at liberty to invoke in these
cases seems to be quite clearly laid down in the case of *People*
v. *Gale,* 93 Ill. 127, and followed in the case of *People* v. *Smith,*
94 Ill. 226.

If the words "special assessments" are held to mean the
same as "tax" or "taxes," following the definition adopted by
this court in *Gauen* v. *Drainage District,* 131 Ill. 446, it would
seem to follow that the twenty-five per cent provided for by

sections 129 and 229 of the general Revenue law should be added to the back assessments as a part of the back tax.

In the case of *Murphy* v. *People*, 120 Ill. 242, the court lay stress upon the fact that the one per cent a month penalty after May shall be paid into the county treasury for county purposes, and say: "Surely, the legislature could not have intended to raise a fund by special assessments, to be placed in the county treasury, to be used for county purposes." The weight of this objection does not fall upon the twenty-five per cent, which goes, with the principal of the assessment, to the use of the drainage district.

It is manifest, that as to the tracts of land now before the court, claimed by Hosmer and Hammond, the twenty-five per cent was added to the back assessments as if they were back taxes, and if this is held to be error, the judgments must be reversed. We are not aware that the special assessments were charged with the one per cent from the first of May, or that any other errors of computation will be charged to have been made. If so, it will devolve upon the opposite counsel to show them, all presumptions being in favor of the judgment.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application, May 5, 1890, to the county court of Hancock county, for judgment against certain lands for taxes, special assessments, interest and costs, for the year 1889 and prior years. Arthur Hosmer and William P. Hammond appeared, and filed objections to the rendition of judgment against certain lands claimed by them. The court overruled the objections, and rendered judgment as asked for by the county collector.

It appears from the record, that in addition to the ordinary State and county taxes, certain special assessments had been levied on the lands to make improvements in Hunt Drainage District, and in 1889, and perhaps other years, the lands had

been forfeited to the State for the non-payment of the assessments. In extending the taxes for the year 1889, the county clerk, under what he supposed to be the requirements of section 129 of the Revenue law of 1879, added twenty-five per cent to the amount of the back assessments, as he would have done if they had been general taxes, and this amount was included in the judgment of the county court, rendered at the May term, 1890, and the question presented is, whether such interest was properly added to the assessments.

Section 129 of the Revenue law is as follows: "In all cases where any real property has heretofore been or may hereafter be forfeited to the State for taxes, it shall be the duty of the clerk, when he is making up the amount of tax due on such real property for the current year, to add the amount of back tax, interest, penalty and printer's fees remaining due on such real property, with one year's interest at ten per cent, on all taxes heretofore forfeited, and twenty-five per cent on all taxes hereafter levied and forfeited, on the amount of tax due, to the tax of the current year, and the aggregate amount so added together shall be collected in like manner as the tax on other real property for that year may be collected." Laws of 1879, p. 252.

It will be observed that this section of the statute, providing for a penalty of twenty-five per cent where property has been forfeited to the State, does not mention assessments, but only taxes, and unless assessments are taxes, within the meaning of the statute, there was no authority for adding twenty-five per cent to the assessments in question.

In *Mix* v. *Ross,* 57 Ill. 124, a question somewhat similar arose, and it was there said: "There is a plain distinction between taxes, which are burdens or charges imposed upon persons or property to raise money for public purposes, and assessments for city or village improvements, which are not regarded as burdens, but as an equivalent or compensation for the enhanced value which the property of the person as-

21—134 ILL.

sessed has derived from the improvement." It is true, under our statute, assessments, after they have been legally made upon real property, are collected in the same manner as taxes; but while this may be the case, we do not think, where the words "taxes" and "assessments" are used in the statute, they can be regarded as convertible terms. The statute in question is a penal statute, and it should not be held to embrace property not clearly within its terms. If it had been within the intention of the legislature to include assessments, we think that term would have been used, and as it was not, we do not feel inclined to hold that something was included which was not mentioned.

Section 177, which follows section 129 in the amendment of 1879, provides that real estate upon which taxes remain due and unpaid on the 10th day of March, annually, shall be deemed delinquent, and such due and unpaid taxes shall bear interest after the first day of May, at the rate of one per cent per month, until paid or forfeited. In *Murphy* v. *The People,* 120 Ill. 242, we held that the word "taxes," as used in this section of the statute, did not include special assessments. If the word "taxes" in this section did not include assessments, as was held; we perceive no ground upon which it can be held that the word "taxes" in the preceding section was broad enough to embrace assessments. The same construction placed on the word "taxes" in one section should be given the same word in the other.

From what has been said, it follows that the judgment rendered against the lands of Arthur Hosmer and William P. Hammond was erroneous in the respect stated, and for that reason it will be reversed, and the cause remanded.

*Judgment reversed.*