# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

(No. 15152.—Judgment reversed.)

THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellee, *vs.* CARROLL L. BRAGG, Appellant.

*Opinion filed February 21, 1923.*

1. TAXES—*judgment for delinquent taxes and assessments can not add penalty to special assessment levied prior to July 1, 1917.* A judgment for delinquent taxes and special assessments cannot add the penalties and costs of forfeited assessments which were levied prior to July 1, 1917, as the penalty provided by section 129 of the Revenue act prior to the amendment of 1917, (Laws of 1917, p. 658,) was limited to the ordinary taxes and had no application to special assessments.

2. SAME—*delinquent taxes and assessments should be included in one judgment where only one application is made.* While the amendment of 1919 to the Revenue act, (Laws of 1919, p. 766,) allows the collector to make separate applications for judgment for special assessments, a judgment for taxes, under section 191, must be for the amount of taxes and special assessments, interest, penalties and costs against each piece of delinquent property, and where a single application is made for judgment and sale for general taxes and special assessments, only a single judgment for both can lawfully be rendered.

3. SAME—*when application for judgment is not in proper form.* As the statute requires the tax, judgment, sale, redemption and

forfeiture record to show the total amount of the charges against each delinquent tract of land or lot and only one judgment can be rendered against each, a single application for judgment is not in proper form where it shows sixteen separate amounts as making up the delinquent taxes and assessments against one piece of property.

APPEAL from the County Court of Cook county; the Hon. FRANK S. RIGHEIMER, Judge, presiding.

ENOCH J. PRICE, for appellant.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, W. W. DEARMOND, and LEON HORNSTEIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The county collector of Cook county made application to the county court for judgment against a lot in the village of Riverside for the general taxes of the year 1921 and for certain delinquent installments of four separate special assessments made by the village, together with interest and costs. Carroll L. Bragg, the owner of the premises, objected to judgment for the reason that the amount for which judgment was claimed on account of the various installments of the assessment included illegal penalties and costs, and for the further reason that the application was not in accordance with the statute because the amount of the forfeited special assessments had not been added to the general taxes of the year 1921 but had been brought forward as distinct and separate amounts. The objections were overruled, judgment and order of sale against the property was rendered, and the owner appealed.

The appellee admits that the judgment is erroneous as to the penalties added to the special assessments. Prior to the amendment of 1917 (Laws of 1917, p. 658,) penalties could not be added to special assessments for which the land

had been forfeited. The penalty provided by section 129 of the Revenue act was limited to the ordinary taxes and had no application to special assessments. (*Hosmer* v. *Hunt Drainage District,* 134 Ill. 317.) As to the general taxes, it was provided by that section before the amendment that whenever any real estate had been forfeited to the State for taxes, the clerk, in making up the amount of tax due on such property for the current year, should add the amount of the back tax, interest, penalty and printer's fees remaining due on such property, with interest at a rate prescribed, to the tax of the current year; and the aggregate amount so added together should be collected in like manner as the tax on other real property for that year might be collected. Section 229 provided that the amount due on lands and lots previously forfeited to the State and remaining unpaid on the first day of November should be added to the tax of the current year, and the amount so charged should be placed on the tax books, collected and paid over in like manner as other taxes. It was held in *Stamposki* v. *Stanley,* 109 Ill. 210, that the only authority given by the statute for the rendition of judgment against any land for back taxes and forfeitures was as part of an aggregate made by the county clerk adding the back tax and the tax for the current year together; that only one judgment for taxes could be rendered, which should include all the taxes charged against the property; that the tax-payer was not required to search the tax book in more than one place for the taxes against his land and was not to be harassed by more than one judgment and one sale of his property without some necessity. In that case it was said: "There are special cases provided for by statute where different classes of taxes may be collected separately, but this is not such a case." The amendment of 1917 to sections 129 and 229 merely added special assessments to taxes in the provisions concerning lands forfeited to the State. There was no other change in the law and nothing to cause a change in the con-

struction of the statute. The effect of the amendment was to require delinquent special assessments, as well as delinquent taxes, to be added to the tax of the current year, together with a penalty on both the taxes and the special assessments for which the land had been forfeited, and authorized only a single judgment for taxes and special assessments. The amendment also required the addition of a penalty on forfeited special assessments, but as this penalty was only in case of special assessments levied and forfeited after the passage of the amendment, it has no application in this case, where the assessments had all been levied before July 1, 1917. (*Hosmer* v. *Hunt Drainage District, supra.*) In 1919 section 178 of the Revenue act was amended so as to provide that the return of all special assessments which remain unpaid in whole or in part, which before that time was required to be made on or before the tenth day of March after the assessments should become payable, might be made in cities having a population of 100,000 or more on or before the first day of August, and that the subsequent advertisement, judgment and sale of property on account of delinquent special assessments, as afterward provided in the Revenue act, should be regarded as supplemental and a part of the sale on account of delinquent taxes of the year in which the supplemental judgment and sale were ordered, and the penalties provided by law should attach to both general taxes and special assessments, in like manner as if there were only one judgment and order of sale. (Laws of 1919, p. 766.) Section 182 was amended at the same time so as to authorize a separate notice of an intended application for judgment and order of sale on account of delinquent special assessments at any time after the first day of August next after said special assessments should become delinquent, the procedure in such case to be in all other respects, except as to the time of making advertisement, application for judgment and sale, the same as in the case of delinquent general taxes. These

two amendments provided expressly for separate judgment and sale for special assessments, but where a single application is made for judgment and sale for the general taxes and special assessments, only a single judgment for both can lawfully be rendered.

Counsel for the appellee argue that there is a failure to prove the objection that the clerk did not add the forfeited special assessments to current taxes, but this is not the objection made. The objection is: "Said application has not been made in accordance with the statutes of this State, in that the amount of said supposed forfeited special assessments have not been added to the general taxes of the year 1921 but have been brought forward as distinct and separate amounts in distinct and separate warrants." Section 188 of the Revenue act requires the collector to transcribe into a book prepared for that purpose, to be known as the tax, judgment, sale, redemption and forfeiture record, the list of delinquent lands and lots, which shall be made out in numerical order and contain all the information necessary to be recorded, at least five days before the commencement of the term at which application for judgment is to be made, which book shall set forth the name of the owner, if known, the proper description of the land or lot, the year or years for which the taxes or special assessments are due, the valuation on which the tax is extended, the amount of the consolidated and other taxes or special assessments, and the costs and total amount of charges against such land or lot. Section 191 provides the form in which judgment shall be rendered, which is: "Therefore it is considered by the court that judgment be and is hereby entered against the aforesaid tract or tracts, or lots of land, or parts of tracts or lots, (as the case may be,) in favor of the People of the State of Illinois, for the sum annexed to each, being the amount of taxes (and special assessments, if any,) interest, penalties and costs due severally thereon; and it

is ordered by the court that the said several tracts or lots of land, or so much of each of them as shall be sufficient to satisfy the amount of taxes (and special assessments, if any,) interest, penalties and costs, annexed to them severally, be sold as the law directs." The law requires the tax, judgment, sale, redemption and forfeiture record to contain a list of the delinquent lands and lots, made out in numerical order, together with the amount of the consolidated and other taxes and special assessments, the costs and total amount of charges against such lands or lots. Since only one judgment can be rendered for a single sum against each tract of land or lot and the judgment must be in the form prescribed by the statute, it is necessary that annexed to each tract or lot, or part of tract or lot, shall be one sum representing the total amount of taxes, special assessments, interest, penalties and costs. The application was not in this form but showed sixteen separate amounts. It was therefore not made in accordance with the statute, as stated in the objections, and resulted in a separate judgment for each of the sixteen installments.

It is argued by the appellee that compliance with such requirement would multiply the volume of the work and the expense to the tax-payers many times. This argument is entitled to consideration, but where the statute has plainly fixed the method to be pursued the court cannot disregard its provisions because they may seem unnecessary or unduly expensive. The amendment of 1919 has placed the whole matter in the hands of the collector, who may avoid the increased labor and expense by making separate application for judgment for the general taxes and special assessments.

The judgment of the county court will be reversed.

*Judgment reversed.*