(No. 21163.

THE PEOPLE *ex rel.* Valentine Odell, County Collector, Appellant, *vs.* JOHN M. ETCHISON.—(THE CLAY COUNTY STATE BANK, Appellee.

*Opinion filed February 19, 1932.*

CLARENCE T. SMITH, State's Attorney, for appellant.

A. N. TOLLIVER, (W. H. DILLMAN, and H. D. McCOL-LUM, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The county court of Clay county sustained objections filed by appellee, the Clay County State Bank, to the application of the county collector of that county for judgment and order of sale for taxes against lots 13 and 14 of the east half of the southeast quarter of section 22, town 4 north, range 6 east of the third principal meridian, in said county, assessed in the name of John M. Etchison, and the collector has appealed.

The application of the collector for judgment was made at the September term, 1931, of the county court, and, so far as the lots in question are concerned, was not for taxes and assessment for the year 1930 but was for taxes and special assessments for the years 1926, 1927, 1928 and 1929, listed in six separate items, as follows: Pavement assessment of 1929, $66.89, general tax of 1927, $53.99, of 1926, $74.93, and of 1928, $61.07, and pavement assessments of

1927, $51.46 and $18.10. Objections were filed by appellee, the Clay County State Bank, as mortgagee of the lots, and are five in number. Two of the objections are: (1) That the taxes and assessments had been paid; and (2) that the taxes had not been placed upon the tax book for the year 1930 in the manner back taxes are required by statute to be entered upon said books.

The evidence introduced by appellee showed that the installments of special assessments against the lots in question for which judgment was asked had been paid. This evidence was the testimony of J. R. Clifton, collector of pavement taxes for the village of Louisville and entries in his books that were produced in court. This evidence shows that installment No. 5 of the special assessment for paving against the lots for 1927, and installment No. 6 of said special assessment for the year 1929 against the lots, which are the installments of special assessments for which judgment was asked by the collector, had been paid to the collector of such assessments for the village by James McGregor, who was county collector of Clay county during the years 1927, 1928, 1929 and 1930. A special assessment is a charge upon the specific land benefited and not against the owner thereof, and the payment of such assessment, even though by mistake, discharges both the land and the owner thereof from further liability thereon; and this is so whether payment be made by the owner or one having no interest in the land. (*Hudson* v. *People,* 188 Ill. 103.) The county court did not err in sustaining the objections in so far as the application for judgment for the special assessments is concerned.

Valentine Odell, the collector of taxes for Clay county, as a witness for appellee, testified that after he had succeeded James McGregor in office as county collector, McGregor told him that he (McGregor) had not collected the general taxes for the years 1926, 1927 and 1928 on the lots in question from John M. Etchison but that he (McGregor)

had paid these taxes out of his salary. On cross-examination he said that the substance of what McGregor said to him was that the taxes had not been collected and that the amount of such taxes would come out of his salary if not collected. This witness further testified concerning the entries in the collector's books of Clay county for 1926, 1927 and 1928, and this testimony is to the effect that entries had been made in these books showing that the general taxes for those years against the lots in question had been paid and that such entries had been canceled by erasure or by marking a line through them.

James McGregor, county clerk of Clay county, who had been collector of taxes in that county during the years 1927 to 1930, inclusive, as a witness for appellant testified in substance as follows: The general taxes for the years 1926, 1927 and 1928 against the lots in question, for which judgment and order of sale of the lots was asked, had not been paid by John M. Etchison, in whose name the lots were assessed, or by any other person. Any entries in the collector's books in which these taxes were extended showing that they had been paid were not made by him or by his authority and if made by one of his clerks were made through error. In his conversation with Odell about the taxes after Odell had succeeded him as collector he told Odell that these taxes were unpaid and that he (McGregor) wanted Odell "to advertise them as delinquent," and also stated that if Odell was unable to collect them they would come out of witness' salary.

Over objection of appellee the court permitted the entries in the collector's books of 1926, 1927 and 1928 showing the taxes extended against the lots in question, to be amended by striking therefrom all entries showing payment of such taxes, and as so amended these entries were introduced in evidence. Appellee has not by cross-error questioned the action of the county court in permitting these records to be amended. Appellee introduced no evidence

to support its objection that the taxes for which judgment was asked had not been placed on the collector's book for 1930. No part of that book was introduced in evidence, and the only testimony concerning it was a statement of McGregor that it showed taxes in the amount of $58.48 extended against the lots in question in the name of John Etchison and that that amount had not been paid. Whether or not that amount was the total amount extended against the lots in the collector's book of 1930 is not shown by the evidence.

We have set out above the substance of all the evidence in the record. The burden was upon appellee to prove that its objections were well founded. The evidence introduced did not prove that the general taxes for 1926, 1927 and 1928 extended against the lots in question had been paid. In fact, the preponderance of the evidence, when carefully considered, is to the effect that these taxes against the lots had not been paid by Etchison or appellee or anyone else; and, as we have above noted, the evidence does not show that the amounts of the general taxes of 1926, 1927 and 1928 were not entered upon the collector's book of 1930 as a part of the taxes extended against the lots in question. It is therefore unnecessary to consider whether or not that objection, if proved to be true, would be a good objection.

The objections filed by appellee, other than the two above noted, were all general in nature, and their substance is that the taxes for which judgment and order of sale of the lots was asked are not a lien against said lots superior to the lien of appellee's mortgage, which was executed by John M. Etchison and his wife on August 15, 1927. Section 253 of the Revenue act of 1872 (Smith's Stat. 1931, chap. 120, par. 238,) provides that the taxes upon real property, together with all penalties, interest and costs that may accrue thereon, shall be a prior and first lien on such property, superior to all other liens and incumbrances, from and including the first day of May in the year in which

the taxes are levied until the same are paid. Section 161 of that act (par. 149) provides that the "power and duty to levy and collect any tax due and unpaid, shall continue in and devolve upon the county collector and his successors in office, after his return and final settlement until the tax is paid; and the warrant attached to the collector's book, shall continue in force and confer authority upon the collector to whom the same was issued, and upon his successors in office, to collect any tax due and uncollected thereon, although such books may have been returned, or the tax carried forward into any other book." When appellee took its mortgage on the lots in question the lien of the general taxes of 1926 and 1927 had attached to the lots and appellee acquired no lien superior to the lien of these taxes. (*Union Trust Co.* v. *Weber,* 96 Ill. 346.) The general taxes of 1928 were levied after appellee's mortgage was taken and the lien thereof is superior to the lien of the mortgage. We do not understand appellee to contend that this is not true, but its contention is that the lien of these taxes was discharged by payment, and also that judgment of sale of the lots could not be entered on the collector's application because the back taxes had not been carried forward into the collector's book of 1930. As we have shown, these objections were not sustained by the evidence.

It may be that the application of the collector was not made in accordance with the provision of the statute, (*People* v. *Bragg,* 307 Ill. 11; *Stamposki* v. *Stanley,* 109 id. 210;) but it is unnecessary to determine whether or not that is true, because no objection was filed by appellee on that ground. Objections filed to a collector's application for judgment and order of sale of property for delinquent taxes must be made in such words as show clearly the points upon which a decision is asked and particularly specify the cause of objection. The trial was had on the points raised by the objections, and the presumption is that all else is admitted to be correct and free from objection. *Peo-*

*ple* v. *Chicago, Burlington and Quincy Railroad Co.* 281 Ill. 500; *Indiana, Decatur and Western Railway Co.* v. *People,* 201 id. 351.

The judgment of the county court is affirmed as to the special taxes for paving and is reversed as to the other taxes, and is reversed and the cause remanded to the county court with directions to render judgment for such other taxes.

*Reversed in part and remanded, with directions.*