**MEYER v. ROWEN et al.**

**In re MEYER.**

**No. 4030.**

United States Court of Appeals
Tenth Circuit.

April 24, 1950.

J. D. Skeen, Salt Lake City, Utah, (Skeen, Bayle & Russell, Salt Lake City, Utah, on the brief) for appellant.

George S. Ballif, Provo, Utah, for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

By contract dated November 15, 1946, Meyer and Margaret N. Meyer, his wife, agreed to purchase, and A. I. Rowen and Maude B. Rowen agreed to sell certain improved real estate situate in Utah County, Utah. The real estate was subject to two mortgages, one dated July 16, 1946, and given to secure an indebtedness of $6,140.-86 to the Bank of Pleasant Grove, Utah, and the other dated August 1, 1946, and given to secure an indebtedness of $4,669 to Irven N. Rowen and Pearl I. Rowen. On August 14, 1948, the bank assigned its mortgage to Irven N. Rowen and Pearl I. Rowen, and they commenced a suit in the District Court of the Fourth Judicial District for Utah County, Utah, to foreclose such mortgage. On March 23, 1949, a decree of foreclosure was entered. Thereafter, an order of sale was entered and the mortgaged property was advertised to be sold at Provo, Utah, on April 25, 1949. On April 21, 1949, Meyer filed his petition under Chapter 12 of the Bankruptcy Act.[1]

On April 22, 1949, a notice was served upon the Sheriff of Utah County of the filing of Meyer's petition under Chapter 12. On April 25, 1949, the Sheriff sold the mortgaged property, pursuant to such or-

1. 11 U.S.C.A. §§ 811–926.

der of sale, to Irven N. and Pearl I. Rowen. The statutory period of redemption, if the sale was valid, expired October 25, 1949. Utah Code Annotated 1943, Vol. 6, 104—37—31.

On October 21, 1949, Meyer filed an amended petition against Irven N. and Pearl I. Rowen to show cause why the sale should not be set aside by the Bankruptcy Court and why they should not be enjoined and restrained from selling the mortgaged property. An order to show cause was entered on October 21, 1949. Irven N. and Pearl I. Rowen filed a motion to dismiss the amended petition. From an order of dismissal entered November 14, 1949, Meyer has appealed.

11 U.S.C.A. § 811 provides: "Where not inconsistent with the provisions of this chapter, the court in which the petition is filed shall, for the purposes of this chapter, have exclusive jurisdiction of the debtor and his property, wherever located."

11 U.S.C.A. § 814 provides: "The court may, in addition to the relief provided by section 29 of this title and elsewhere under this chapter, enjoin or stay until final decree the commencement or continuation of suits against a debtor and may, upon notice for cause shown, enjoin or stay until final decree any act or the commencement or continuation of any proceeding to enforce any lien upon any property of a debtor."

11 U.S.C.A. § 828 provides: "Unless and until otherwise ordered by the court, upon hearing and after notice to the debtor and all other parties in interest, the filing of a petition under this chapter shall operate as a stay of any act or proceeding to enforce any lien upon the real property or chattel real of a debtor."

Since, upon the filing of the Petition in Bankruptcy under Chapter 12, the Bankruptcy Court acquired exclusive jurisdiction of the property of the debtor and since § 828, supra, automatically stayed the proceedings, the order of sale was void and the sale thereafter made under that order was void.[2]

In re Tinkoff, 7 Cir., 141 F.2d 731, is not to the contrary. There the Petition in

Bankruptcy was filed under Chapter 8 and the proceedings in the state court took place prior to the enactment of the Chandler Act on June 22, 1938, and the applicable provision was 11 U.S.C.A. § 202, sub. n, which authorized the court to enjoin secured creditors from enforcing their claims, but did not provide an automatic stay.

Reversed, with instructions to overrule the motion to dismiss.

---

2. In re Potts, 6 Cir., 142 F.2d 883, 888.
Kalb v. Feuerstein, 308 U.S. 433, 438—440, 60 S.Ct. 343, 84 L.Ed. 370.