**City of Chicago, a Municipal Corporation, Plaintiff-Appellee, v. City Realty Exchange, Inc., an Illinois Corporation, Defendant-Appellant.**

Gen. No. 53,816.

First District, First Division.

June 29, 1970.

Orlikoff, Prins, Flamm and Susman, of Chicago (Arnold M. Flamm, of counsel), for appellant.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Richard F. Friedman, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This appeal requires us to decide whether a real estate tax certificate of purchase is a lien for taxes. The question, deceptively simple to state, arises from a suit to foreclose a demolition lien filed by plaintiff, City of Chicago, against defendant City Realty Exchange, Inc., an Illinois corporation, and certain unknown owners. City Realty filed an answer and made a motion for summary judgment, which was denied. The facts are not in dispute.

On September 25, 1964, defendant, for the sum of $5,677.99, purchased the real estate commonly known as 4833-35 North Winthrop Avenue, Chicago, at a sale of delinquent and forfeited general taxes. The property was then improved with a six-flat building. In accordance with the Revenue Act, Ill Rev Stats 1963, c 120, § 753, a certificate of purchase was issued to City Realty.

October 27, 1966, the City of Chicago filed a complaint in the Circuit Court seeking a decree to demolish the building. City Realty was made a party defendant. Investigation then disclosed that 4833-35 North Winthrop Avenue was owned by one Eva Oberritter. It was leased to one Ethel R. Shaffer as a boarding house. Mrs. Shaffer's husband died a year prior; and after consistently losing money, she abandoned the property. Vandals, transients, and street urchins gutted the interior of the building putting it so hopelessly beyond repair that it had to be demolished. In the demolition suit, City Realty

did not contest plaintiff's right to demolish but it alleged that any lien City of Chicago may claim for the costs of demolition would be subordinate and inferior to the lien City Realty had on the real estate through its certificate of purchase. Thereafter, the Circuit Court entered a decree authorizing demolition. Sometime between February 14 and May 23, 1967, the building was demolished and the rubble around it removed. Plaintiff filed its demolition lien on June 7, 1967.

March 3, 1967, City Realty, complying with section 266 of the Revenue Act of 1939, Ill Rev Stats 1967, c 120, § 747, petitioned the Circuit Court for issuance of a tax deed based on its certificate of purchase. On March 13 defendant served plaintiff with a written notice in the form required by sections 263 and 266 of the Revenue Act of 1939, Ill Rev Stats 1967, c 120, §§ 744 and 747, notifying it of the petition and of the pending expiration of the time for redemption from the tax sale. City of Chicago did not appear in the tax deed proceedings. July 13, 1967, the Circuit Court ordered issuance of a tax deed to defendant City Realty. The deed was recorded July 17, 1967. January 3, 1968, plaintiff filed the complaint to foreclose the lien it acquired when it demolished the building.

Defendant, City Realty, appeared and filed an answer which included two affirmative defenses. The defense relevant here alleged that the statute which gave the plaintiff its cause of action made a municipality's demolition lien subordinate to a lien for taxes. Defendant alleged the facts concerning the certificate of purchase, its compliance with all provisions of the Revenue Act, and the issuance of the tax deed which, defendant claimed, extinguished any lien plaintiff had on the real estate conveyed by the deed. Defendant prayed that plaintiff's complaint to foreclose be dismissed; and that the court in its decree find that it was the owner in

188

fee simple of the real estate described, free and clear of any demolition lien.

Plaintiff filed a motion to strike this affirmative defense. The trial court entered a decree which sustained the motion and ordered foreclosure. Defendant appeals. Although it presents two issues for review, we will discuss only defendant's contention that its tax certificate of purchase was a lien for taxes superior to plaintiff's demolition lien.

This contention is supported by the argument that the statute which created plaintiff's right to a demolition lien, Ill Rev Stats 1967, c 24, § 11–31–1 also provided:

> "The cost of such demolition or repair shall be recoverable from the owner or owners of such real estate and shall be a lien thereon, which lien shall be superior to all prior existing liens and encumbrances, *except taxes:* . . . ." (Emphasis added.)

Thus, the statute that created plaintiff's cause of action makes a lien for taxes superior to plaintiff's demolition lien.

In opposing defendant's contention, plaintiff argues that although a tax certificate of purchase is a lien, it is not a lien for taxes. It is argued that only the People have a lien for taxes. Therefore, the argument goes, plaintiff's demolition lien is superior to defendant's interests as a tax purchaser of the subject real estate.

██ Sections of the Revenue Act which provide for certificates of purchase and for issuance of tax deeds are legislative means to encourage buyers at tax sales, increase collection of tax revenue by taxing authorities and free land to once again enter the stream of commerce and bear its aliquot share of the tax burden. Cherin v. The R. & C. Co., 11 Ill2d 447, 452, 143 NE2d 235. It is said that tax sales have as their purpose coercion of negligent and unwilling citizens to pay their taxes.

85 CJS, Taxation, § 744. Thus, protection of the rights of purchasers of real estate sold for delinquent and forfeited general taxes is in the public interest.

■■ A certificate of purchase for delinquent taxes is a species of personal property, assignable by indorsement; but until expiration of the period of redemption and issuance of the tax deed based on it, no interest, equitable or legal is acquired on the land described in the certificate. Wells v. Glos, 277 Ill 516, 115 NE 658. In Illinois revenue laws, a certificate of purchase can be sold and assigned; but it is not title to real estate. United States v. United States Chain Co., 212 F Supp 171 (DC Ill 1962).

■■ Under section 216 of the Revenue Act of 1939, Ill Rev Stats 1967, c 120, § 697, a lien exists in favor of the People for all taxes on real estate, from the first day of January in the year the taxes are levied until they are paid, or until the real estate is sold in accordance with the provisions of the Act. The effect of a sale of land for taxes is to extinguish the lien, if the property brings the full amount of the taxes. O'Connell v. Sanford, 256 Ill 62, 65, 99 NE 885; People v. Silver Plate Co., 388 Ill 534, 540, 58 NE2d 599. One of the interests a tax purchaser acquires through his certificate of purchase is the right to be paid the price of the sale, interest, costs and any other taxes paid, if there is redemption. This right is a charge on the real estate for payment of the debt represented by the taxes. A charge on property for the payment of a debt is a lien. 33 Am Jur, Liens, § 2.

■ In Tubbs v. Dunlop, 325 Ill App 53, 59 NE2d 514, we held that a tax certificate of purchase was a lien superior and paramount to the lien of a trust deed, whether the tax lien attached before or after execution of the encumbrances. See People v. Etchison, 347 Ill 320, 179 NE 884. In Chicago Land Clearance Commission v. Narodski, 57 Ill App2d 302, 207 NE2d 81, without ex-

190

pressly saying that a tax certificate of purchase is a lien for general taxes, we reversed a trial court that failed to recognize the priority of a lien for general taxes represented by a tax certificate of purchase. Furthermore, it is not true, as plaintiff argues, that a lien for taxes exists only in favor of the People. Section 247 of the Revenue Act of 1939 provides that when a tax purchaser fails to complete his purchase, the collector shall not refund the amount paid in cash at the sale. "[T]he lien for taxes for such amount, however, shall remain on the land in favor of the purchaser, . . ." Ill Rev Stats 1967, c 120, § 728. A comparison of the provisions of section 247 (governing incomplete sale) with section 248 (governing complete sale and providing for certificate of purchase) discloses a legislative assumption that with regard to lien rights the tax purchaser who completes his sale is on equal footing with one who does not. Indeed, it is difficult to think of a valid reason for giving a lien to a purchaser who does not comply with the terms of a sale and denying it to one who pays the full price.

■ For these reasons, we conclude that from the date of its issuance to the date of a valid tax deed, defendant's certificate of purchase was a lien for taxes. Therefore, it was error for the trial court to enter a decree which foreclosed plaintiff's demolition lien in derogation of defendant's superior rights as the owner of a tax certificate of purchase which at the time of the foreclosure suit had ripened into a merchantable title.

The judgment is reversed and remanded with directions that the trial court enter a decree dismissing plaintiff's complaint.

Reversed and remanded with directions.

MURPHY and ADESKO, JJ., concur.