COOPER, RICHARD H., Associate Judge.
This is an appeal from a final judgment on complaint and answer entered against Daniel F. Bushey and Alma M. Bushey and in favor of Gerald R. Wells, as executor of the Estate of Mary Elizabeth Ochs.
Wells was the owner and holder of a note given to Mary Elizabeth Ochs by the Busheys. He brought an in personam action upon the Busheys’ non-payment of the note.
In their answer the Busheys admitted the execution and delivery of the note and alleged :
(1) On June 30, 1963, the Busheys filed a petition under Chapter 12 of the Acts of *835 Congress relating to bankruptcy in the United States District Court for the Southern District of Florida, No. 63-217-Bk-dd.
(2) Wells’ testatrix filed a claim in the bankruptcy proceedings, and was scheduled as an unsecured creditor.
(3) As of the date of the filing by the Busheys of their answer in the action by Wells on the note the plan proposed in the bankruptcy proceedings had not been accepted or confirmed by the Federal Court and no motion for adjudication had been made.
The Busheys did not allege any discharge in bankruptcy nor any stay of proceedings as a defense to the action on the note.
The Busheys rely on Section 428 of the Acts of Congress (Section 828, Title 11, U.S.Code (Bankruptcy)), in which it is provided: “Unless and until otherwise ordered by the Court * * * the filing of a petition under this chapter shall operate as a stay of any action or proceedings to enforce any lien on the real property or chattel real of a debtor.”
They contend that the filing of a petition is self executing to draw exclusive jurisdiction to the bankruptcy court. They argue that the mere pleading of such filing would constitute a valid defense to the action against them in the state court on the unsecured promissory note.
The Busheys cite 9 Collier on Bankruptcy (14th Edition, paragraph 4.16, page 875) in support of this position and refer to Meyer v. Rowen, 10 Cir. 1959, 181 F.2d 715.
Section 428 is inapplicable to this case since there is not an action or proceeding to enforce a lien, and this is an in personam action. It is not an attempt to foreclose a mortgage as it was in the Meyer case. A further reading of Collier (Section 4.16 on page 876) makes this clear: “Section 428, does not affect an in personam action against the debtor or act or proceedings to enforce a lien upon property other than real property or a chattel real of the debtor, but the court has power to stay those suits, acts, and proceedings under Section 414.”
The mere filing of a petition by the Busheys under Chapter 12, did not operate either as a bar to the in personam action on the unsecured promissory note or as a valid defense to the action. The final judgment was properly entered.
Judgment affirmed.
WALDEN and REED, JJ., concur.