**In re Ronald A. YOUNG, Jr. and Geraldine E. Young, Debtors.**

**Ronald A. YOUNG, Jr. and Geraldine E. Young, Plaintiffs,**

**v.**

**Richard (sic) CRITTON, Kane County Collector, and Richard Fell, Defendants.**

**Bankruptcy Nos. 79 B 40155, 81 A 780.**

United States Bankruptcy Court, N. D. Illinois, E. D.

Oct. 27, 1981.

Groupe, Katz & Popjoy, Chicago, Ill., for debtors.

Richard J. Fell, pro se.

Linda Soreff Siegel, Asst. States Atty., States Attorney's Office of Kane County, Geneva, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the debtors' complaint for mandatory injunction and other relief. Defendant Critton responded with a motion to dismiss the complaint. Having considered the entire record in this matter and being fully advised in the premises, the court hereby makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

Debtors filed a Chapter 13 petition and plan on November 2, 1979. Debtors owed Critton, the Kane County Collector, 1978 real estate taxes which had been assessed against their real property. The tax debt was omitted from debtors' schedules, however, and was not added to the schedules until December 6, 1979. On December 10, 1979 the 1978 taxes were sold by Critton at a tax sale. Defendant Fell purchased said taxes at the tax sale. Critton had no knowledge or notice of the debtors' pending Chapter 13 case prior to the tax sale.

Debtors' complaint seeks a court order holding that the sale of debtors' real property for unpaid taxes on December 10, 1979 was null and void. The complaint also requests an injunction against Critton requiring him to refund to the purchaser, Fell, the money paid by Fell at the tax sale and requiring Fell to accept the refund. Final-

ly, the complaint seeks an injunction against both defendants enjoining them from taking any action that would result in the issuance of a tax deed.

## DISCUSSION

■ When the debtors filed their Chapter 13 petition on November 2, 1979 this court gained "exclusive jurisdiction of all of the property, wherever located, of the debtor..." 28 U.S.C. § 1471(e). The debtors' real property thus was within the exclusive jurisdiction of this court. *See Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Meyer v. Rowen*, 181 F.2d 715 (10th Cir. 1950). Filing the petition created an estate comprised of "... all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). Debtors' real property became property of the estate on November 2, 1979.

■ Most proceedings against a debtor are automatically stayed by the filing of a petition for relief under Title 11. 11 U.S.C. § 362(a). The filing of a petition stays creditors from commencing or continuing judicial or administrative proceedings against the debtor, attempting in any way to collect a pre-petition debt, attempting to create a lien against property of the estate or attempting to enforce a lien against property of the debtor to the extent such lien secures a pre-petition claim. *See* 11 U.S.C. § 362(a)(1)(3)(4)(5)(6) and H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 340–2; S.R. No. 95–989, 95th Cong., 2d Sess. (1978) 49–51, U.S.Code Cong. & Admin.News 1978, p. 5787. The stay created by § 362 is an automatic statutory stay. "Actions taken in violation of the stay are void and without effect." 2 *Collier on Bankruptcy*, ¶ 362.11 (15th Ed. 1979).

■ The tax sale was manifestly within the parameters of § 362(a) since it was a judicial proceeding which attempted to collect payment of a pre-petition debt. "Tax sales have as their purpose coercion of negligent and unwilling citizens to pay their taxes." *See, Chicago v. City Realty Exchange*, 127 Ill.App.2d 185, 189, 262 N.E.2d 230 (1970), opinion by Judge Leighton. The sale of debtors' real property for the nonpayment of delinquent taxes is the exact type of creditor action § 362(a) stays. In *Kalb, supra*, mortgagees moved in state court for confirmation of a foreclosure sale and eviction of debtors after the debtors had filed a petition in bankruptcy. The U.S. Supreme Court held that:

> The mortgagees...the Walworth County Court...and the sheriff...were all acting in violation of the controlling Act of Congress."

*Kalb, supra* 308 U.S. at page 443, 60 S.Ct. at page 348. Thus their acts were held null and void. *See In re Eisenberg*, 7 B.R. 683, 3 C.B.C.2d 440 (Bkrtcy.1980) where the court found that § 362 applies to government entities regarding tax sales and the court held that a tax sale conducted in violation of § 362 was null and void.

■ Critton contends that the tax sale was valid because he never received notice of the filing of the Chapter 13 petition. The stay created by § 362(a) is an automatic statutory stay and acts taken in violation of the stay are void *ab initio* regardless of notice. *See Meyer v. Rowen, supra; In re Miller*, 10 B.R. 778, 4 C.B.C.2d 530 (Bkrtcy. 1981). Knowledge and notice of the bankruptcy proceeding would only become relevant if this were a contempt proceeding based upon a creditor's wilful violation of the stay. *See Eisenberg, supra; In re Reed*, 11 B.R. 258, 4 C.B.C.2d 736 (Bkrtcy. 1981).

Finally, Critton contends that the tax sale is valid because the subject property is not property of the estate. Critton relies on 11 U.S.C. § 542(c) which provides in pertinent part:

> ...an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor *may transfer property of the estate*...in good faith...to an entity other than the trustee, with the same effect as to the entity making such transfer... as if the case under this title concerning the debtor had not been commenced. (emphasis added).

The legislative history clarifies that § 542(c) protects entities that transfer, in good

faith, "property that is deliverable or payable to the trustee." H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 369; S.R. No. 95–989, 95th Cong., 2d Sess. (1978) 84, U.S.Code Cong. & Admin.News 1978, p. 5870.

■ A claim is defined as "a right to payment". 11 U.S.C. § 101(4). Before the debtors filed their Chapter 13 petition, Kane County had a claim against the debtors. The claim was one for delinquent real estate taxes. The tax sale sought to enforce payment of that claim. *See, City Realty, supra.* Critton argues that the claim was property of the estate since it was capable of being sold. Kane County, in the tax sale, did not transfer property of the estate. It transferred *a claim against* property of the estate. Under Illinois law, a tax sale does not pass legal or equitable title to the property to the purchaser. Title to the land does not pass to the tax purchaser until the passing of the period of redemption and the issuance of a tax deed. The "tax certificate holder merely holds a chose in action." *Thornton, Ltd. v. Kusper*, 77 Ill.App.3d 192, 197, 32 Ill.Dec. 669, 395 N.E.2d 1050 (1979). *See also Illinois Railway Museum, Inc. v. Siegal*, 132 Ill.App.2d 77, 266 N.E.2d 724 (1971); *City Realty, supra.* The property of the estate, debtors' residence, was not transferred by the tax sale. A chose in action against the property was transferred.

Section 542(c) was meant to codify the result of *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). That case dealt with a good faith transfer of property of the estate. The instant case involves a transfer of a claim against the debtor in the context of a proceeding to enforce that claim. See *In re Smith Corset Shops, Inc.*, 6 B.R. 324, 3 C.B.C.2d 214 (Bkrtcy.1980). A tax sale is not the type of good faith transfer contemplated by § 542(c). Moreover, "a tax sale or a sale for the nonpayment of taxes means a sale made in a proceeding in rem." 32 I.L.P. Revenue § 301. The Kane County Court had no jurisdiction over such an in rem proceeding because this court had exclusive jurisdiction as of November 2, 1979 pursuant to 28 U.S.C. § 1471.

## CONCLUSION

■ The tax sale was null and void because this court had exclusive jurisdiction over the property, the sale was in violation of the statutory automatic stay and the sale was not a transfer of property of the estate, but a transfer of a claim against property of the estate. This court has the power to issue any order necessary to carry out the provisions of Title 11. 11 U.S.C. § 105(a).

WHEREFORE, IT IS HEREBY ORDERED that the tax sale of December 10, 1979 be and hereby is declared to be null and void. It is further ordered that Richard (sic) Critton, The Kane County Collector, refund to defendant Richard Fell the money paid by Fell at the tax sale. Further, it is ordered that defendant Richard Fell accept such refund. Finally, it is hereby ordered that both defendants, Critton and Fell are hereby enjoined from taking any further action that may result in the issuance of a tax deed. The claim of Kane County for unpaid real estate taxes plus statutory interest paid to Richard Fell thereon, may be included within the debtors' Chapter 13 plan.