In re Walter E. WLODARSKI, a/k/a
W.E. Wlodarski, Debtor.

Bankruptcy No. 82 B 20611.

United States Bankruptcy Court,
S.D. New York.

Sept. 13, 1985.

Jules Teitelbaum, P.C., New York City, for Miriam Teitelbaum, trustee of Estate of Walter E. Wlodarski; Jules Teitelbaum, New York City, of counsel.

Sidney Turner, White Plains, N.Y., for The Minton Group trustee.

Barr & Faerber, Spring Valley, N.Y., for debtor; Harvey S. Barr, Spring Valley, N.Y., of counsel.

## DECISION ON MOTION FOR ORDERS VACATING JUDGMENT AND PERMITTING SALE

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This case involves a dispute between trustees in bankruptcy of two related estates. The trustee in bankruptcy of the debtor, Walter E. Wlodarski (the "Wlodarski trustee"), has moved to vacate a $2,000,000 judgment lien obtained by the trustee in bankruptcy of the Minton Group, Inc. (the "Minton Group trustee"), against certain real estate which had been transferred by Walter E. Wlodarski to his wife, Sandra Wlodarski.

### FACTS

The Minton Group, Inc. is a general partner of various limited partnerships. Walter E. Wlodarski, was the principal officer and shareholder of Minton Group, Inc., which was involuntarily placed into bankruptcy by the filing of a petition on September 28, 1982 followed by the entry of an order for relief against it on October 22, 1982. Sidney Turner was appointed its interim trustee in bankruptcy. Thereafter, he was appointed as trustee in bankruptcy of the Minton Group, Inc. A similar involuntary petition in bankruptcy was filed on October 4, 1982 against Walter E. Wlodarski, resulting in the entry of an order for relief against him. Miriam Teitelbaum was appointed as trustee in bankruptcy for his estate.

On November 3, 1982, the Minton Group trustee commenced an adversary proceeding against Walter E. Wlodarski and his wife, Sandra Wlodarski, for an order directing them to turn over to the Minton Group trustee certain items, books and records. On November 17, 1982 an amended complaint was served adding a prayer in the alternative, for the entry of a judgment against them in the amount of $2,000,-000.00. Walter E. Wlodarski did not answer the complaint because he states that he was in the process of delivering the requested items to the Minton Group trustee. *See* affidavit sworn to December 16, 1982. On December 7, 1982, Walter E. Wlodarski appeared in court and said that he had turned over to the Minton Group trustee most of the items requested and therefore consented to a judgment directing him to turn over the remaining assets, books and records. Sandra Wlodarski did not appear. On December 9, 1982, the Minton Group trustee entered an order and judgment in this court against Walter E. Wlodarski, and his wife, Sandra Wlodarski for $2,000,000.00 which was filed on December 13, 1982.

On December 17, 1982, Walter E. Wlodarski obtained an order to show cause seeking to vacate the judgment. This motion was adjourned from time to time on consent of the parties and then was marked off the calendar without prejudice to being restored later.

On April 6, 1984, the Minton Group trustee commenced an action in this court against Sandra Wlodarski, to set aside as a fraudulent conveyance the transfer of certain real estate from Minton Group, Inc. to Sandra Wlodarski, who transferred the property to Walter E. Wlodarski, who then transferred it back to Sandra Wlodarski (the "property"). The Minton Group trustee contends that the property was originally acquired partly with funds that Walter E. Wlodarski took from the Minton Group, Inc. The Wlodarski trustee cross-claimed to set aside the transfer of the property from Walter E. Wlodarski to Sandra Wlodarski, and asserted that the property belonged to the bankruptcy estate of Walter E. Wlodarski and thus should not be administered by the Minton Group trustee.

During the pendency of the above actions, Sandra Wlodarski consented to re-transferring the property to the estate of Walter E. Wlodarski. On December 5,

1984 the Minton Group trustee obtained an order to show cause in this court returnable on December 14, 1984 and which was adjourned to December 26, 1984. The order contained a temporary restraining order enjoining the Wlodarski trustee from receiving the property from Sandra and Walter Wlodarski. On December 7, 1984 the Wlodarski trustee cross-moved for a judgment declaring the transfer of the property from Walter Wlodarski to Sandra Wlodarski to be a fraudulent transfer. Thereafter, on December 18, 1984, the Minton Group trustee docketed his $2,000,000 default judgment with the Westchester County Clerk's office, the county where the real estate was located, thereby creating a lien against the property. Subsequently, on January 4, 1985 this court directed Sandra Wlodarski to turn over the property to the Wlodarski trustee because the transfer of the property from Walter E. Wlodarski to Sandra Wlodarski was a voidable fraudulent transfer pursuant to 11 U.S.C. § 548(a)(2). The Wlodarski trustee then sought to sell the property. The Minton Group trustee successfully moved to stay the scheduled sale on the basis of the default judgment lien which he had docketed against Sandra Wlodarski after the Wlodarski trustee had cross-claimed to set aside the fraudulent conveyance of the property from Walter E. Wlodarski to his wife, Sandra Wlodarski.

The Wlodarski trustee now seeks to vacate the Minton Group trustee's $2,000,000 default judgment lien against the property and for permission to reschedule a sale of the property, holding the Minton Group trustee liable for attorney's fees and expenses incurred because the Minton Group trustee prevented the Wlodarski trustee from conducting her previously scheduled sale of the property. The Minton Group trustee opposes this motion and argues that the Wlodarski trustee's sale will only benefit the creditors of Walter E. Wlodarski and will defeat the rights of the creditors of the Minton Group, Inc., who claim that the property was originally purchased in part with funds belonging to the Minton Group, Inc.

The Wlodarski trustee reasons that the property in question is property of the Wlodarski estate as of the entry of the order for relief on October 9, 1982 and that the Minton Group trustee's default judgment against Walter E. Wlodarski and his wife, Sandra, is invalid because it was recorded in the Westchester County Clerk's office on December 18, 1984, more than two years after the commencement of the involuntary Chapter 7 case against Walter E. Wlodarski and in violation of the automatic stay imposed under 11 U.S.C. § 362(a).

The Minton Group trustee maintains that his judgment lien against the property is valid, notwithstanding the fact that (1) the suit in which it arose was commenced *after* the initiation of the involuntary Chapter 7 case against Walter E. Wlodarski and, (2) that the default judgment was docketed in the County Clerk's office *after* the Wlodarski trustee cross-moved to set aside Walter E. Wlodarski's transfer of the property to Sandra Wlodarski. The Minton Group trustee contends that his suit against the co-defendant, Sandra Wlodarski, and the docketing of a judgment lien against the property did not violate any automatic stay in favor of Walter E. Wlodarski because Sandra is not in bankruptcy. Therefore, the Minton Group trustee argues that any real estate owned by Sandra at the time of the docketing of the judgment in the County Clerk's office may validly be encumbered by her creditors who will have priority over the rights of the Wlodarski trustee after the property is returned to the estate of Walter E. Wlodarski.

## DISCUSSION

■ The Wlodarski trustee characterizes the Minton Group trustee's default judgment lien against Walter Wlodarski and his wife, Sandra, as an invalid post-petition transfer pursuant to 11 U.S.C. § 549 and as a violation of the automatic stay under 11 U.S.C. § 362(a). The Minton Group trustee attempts to get around the patent violation of the automatic stay by pointing out that the debtor, Walter Wlodarski, appeared in

court without an attorney on December 7, 1982 and consented to the Minton Group trustee's entry of a judgment requiring the turn over of certain requested books, records and other items. Walter E. Wlodarski contends that he did not consent to the entry of a $2,000,000 judgment against himself and his wife. Whether or not Walter E. Wlodarski consented to the entry of the $2,000,000 judgment is not controlling as to his prepetition estate. The trustee in bankruptcy of Walter E. Wlodarski, as of the commencement of the bankruptcy case against him, was empowered under 11 U.S.C. § 544(a) to protect the property of his estate, as defined in 11 U.S.C. § 541(a), for the benefit of all the creditors of his estate. There is no evidence that the Wlodarski trustee was ever served with a copy of the summons and complaint in the post-petition adversary proceeding commenced by the Minton Group trustee against Walter E. Wlodarski and his wife. Nor was there any evidence that the Wlodarski trustee either knew or consented to the entry of a post-petition judgment by the Minton Group trustee. Obviously the Wlodarski trustee and the creditors she represents are keenly interested in protecting the Wlodarski prepetition assets from dismemberment as a consequence of post-petition judgments. Accordingly, the Minton Group's trustee's post-petition judgment violates the automatic stay and is void as against the estate of Walter E. Wlodarski. *Borg-Warner Acceptance Corp. v. Hall (In re Hall),* 685 F.2d 1306 (11th Cir.1982); *Caribbean Food Products, Inc. v. Banco Credito Y Ahorro Ponceno (In re Caribbean Food Products, Inc.),* 575 F.2d 961 (1st Cir.1978); *Zestee Foods, Inc. v. Phillips Foods Corp.,* 536 F.2d 334 (10th Cir.1976); *Meyer v. Rowen (In re Meyer),* 181 F.2d 715 (10th Cir.1950); *Potts v. Potts (In re Potts),* 142 F.2d 883 (6th Cir.1944), *cert. denied,* 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945); *In re Coleman American Companies, Inc.,* 26 B.R. 825, 10 B.C.D. 185 (Bkrtcy.D.Kan.1983); *In re Scott,* 24 B.R. 738 (Bkrtcy.M.D.Ala.1982); *In re Holland,* 21 B.R. 681, 9 B.C.D. 385 (Bkrtcy.N.D.Ind.1982); *In re Johnson,* 18 B.R. 755 (Bkrtcy.S.D.Ohio 1982); *Young v. Critton (In re Young),* 14 B.R. 809, 8 B.C.D. 641 (Bkrtcy.N.D.Ill.1981).

The Minton Group trustee argues that when he recorded his judgment against Walter E. Wlodarski and Sandra Wlodarski, the record owner of the property was Sandra Wlodarski, and she was not then in bankruptcy. Therefore, he reasons that even though the judgment may be void as against the debtor, Walter E. Wlodarski, it was validly perfected against real estate then owned by Sandra Wlodarski. However, Sandra held title to the property under a questionable cloud which was cleared up when the Wlodarski trustee established that the property was recoverable as a voidable fraudulent transfer from Walter E. Wlodarski. Hence, the Wlodarski trustee correctly argues that this property should be regarded as property of the Wlodarski estate as of the commencement of his Chapter 7 case. *United States v. Whiting Pools,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). The Minton Group trustee contends that when the property was returned to the Wlodarski estate as property of that estate, it came back encumbered by his judgment lien which was docketed when Sandra was the record owner. This position is premised on the concept that an innocent execution creditor of a transferee who first levied an execution against property fraudulently conveyed will prevail over the creditors of the transferor because the transfer was voidable, but not void. *City of New York v. Johnson,* 137 F.2d 163, 148 A.L.R. 516 (2d Cir. 1943). In the *City of New York* case the Second Circuit observed that had the City of New York been a lien creditor with respect to the proceeds of assets fraudulently conveyed by the bankrupt, it would have prevailed over the bankrupt transferor's trustee in bankruptcy. The court quoted from *In re Mullen,* 101 F. 413 at 416–417 (D.Mass.1900) that

[W]here property conveyed in fraud of creditors if first attached by creditors of the transferee *who have no knowledge of the fraud,* their attachment will pre-

860

vail as against the rights of defrauded creditors of the transferor.

(emphasis added).

■ The Minton Group trustee may not rely upon his judgment lien against the real estate held by Sandra Wlodarski because he attempted to perfect that judgment lien on December 18, 1984, after the Wlodarski trustee cross-moved to vacate Walter E. Wlodarski's fraudulent transfer to Sandra. Thus, on December 18, 1984 the Minton Group trustee was aware of the fraudulent transfer to Sandra Wlodarski and was in receipt of the Wlodarski trustee's cross-motion papers to set it aside (served by mail on December 7, 1984). Manifestly the Minton Group trustee is not a good faith innocent lien creditor of the transferee who may prevail over a trustee in bankruptcy of the transferor.

The Minton Group trustee argues that the Wlodarski trustee "apparently feels that Section 544 of the Bankruptcy Code applies only to herself to the exclusion of another trustee." *See* Supplemental Memorandum of Minton Group trustee in opposition to this motion at 1. From this he concludes: "is [sic] is basic equity that to the extent that the Wlodarski trustee can avail herself of certain rights, powers and status with respect to her position so can another trustee." *Id.* at 2. Accordingly, the Minton Group trustee declares that "Section 544 of the Bankruptcy Code provides that a Trustee cannot lose his innocence." *See* Reply Memorandum of Law of Minton Group trustee to memorandum of Walter Wlodarski and Sandra Wlodarski at 1.

■ The argument made by the Minton Group trustee overlooks the fact that the strong arm powers that are made available to a trustee in bankruptcy pursuant to 11 U.S.C. § 544(a) include those of a hypothetical lien creditor or a bona fide purchaser as of the commencement of the case in which the trustee acts. *See* 2 W. Norton Bankr.L & Prac. § 30.04 (1981). A trustee in bankruptcy is not cloaked with the mantle of a hypothetical lien creditor or bona fide purchaser in proceedings in other bankruptcy cases to the detriment of the trustees and creditors involved in the administration of assets in such other bankruptcy cases. In the bankruptcy case of Walter E. Wlodarski the Minton Group trustee does not enjoy the status of a hypothetical lien creditor of that estate. Instead, he purports to exercise the rights of an actual innocent lien creditor of the non-debtor transferee, Sandra Wlodarski, in an effort to defeat the Wlodarski trustee's exercise of her strong arm power with respect to the estate of the transferor, Walter E. Wlodarski. Indeed, from the Minton Group trustee's perspective in the Wlodarski case, the strong arm is on the wrong body. The strong arm powers of the Wlodarski trustee in this case are superior to the position of the Minton Group trustee, because the Minton Group trustee had actual notice of the fraudulent transfer from Walter E. Wlodarski to his wife, Sandra when he perfected his lien against the real estate then owned by Sandra Wlodarski. Thus, the Minton Group trustee does not qualify as an innocent good faith lien creditor.

CONCLUSIONS OF LAW

1. The $2,000,000.00 judgment lien docketed by Sidney Turner, as trustee of the Minton Group, Inc. against Walter Wlodarski and Sandra Wlodarski is void and unenforceable against the property of the bankruptcy estate of Walter E. Wlodarski.

2. The Wlodarski trustee is entitled to an order directing that the $2,000,000.00 judgment lien now docketed in the Westchester County Clerk's office against the real estate in question be removed from the judgment rolls.

3. The bankruptcy trustee of the estate of Walter E. Wlodarski may proceed to reschedule and offer at a public sale the real estate fraudulently transferred by Walter E. Wlodarski to his wife, Sandra.

4. The trustee of the Minton Group, Inc. shall reimburse the Wlodarski trustee for all actual expenses for staying the originally scheduled public sale of the real estate in

question, including the auctioneer's fee and advertising charges incurred with respect to the cancelled sale. The Wlodarski trustee's request for counsel fees is denied.

SETTLE ORDER on notice in accordance with the foregoing.