In re Marian B. GREER and Barbara Greer, Debtors.

Marian B. GREER and Barbara Greer, Plaintiffs,

v.

PERRY COUNTY, ILLINOIS, a body politic, Don Hirsch, County Clerk of Perry County, Frank Magnin, County Collector of Perry County, F.B. Trust, Belle–East, D.D. Ballinger, and James McRoberts, Defendants.

Bankruptcy No. BK 84–30084.

Adv. No. 88–0053.

United States Bankruptcy Court, S.D. Illinois.

Aug. 18, 1988.

Marian B. and Barbara Greer, pro se.

Gene Gross, Pinckneyville, Ill., for Perry County, Don Hirsch and Frank Mangin.

Alan D. Bourey, Decatur, Ill., for D.D. Ballinger.

Winston C. Throgmorton, Marion, Ill., for F.B. Trust.

Raymond Nester, Belleville, Ill., for Belle–East.

Wm. Kopis, Belleville, Ill., for McRoberts.

## MEMORANDUM AND ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

On February 15, 1984, plaintiffs Marian and Barbara Greer filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code. Twelve days later, on February 27, 1984, Frank Magnin, County Collector of Perry County, Illinois (County), conducted a tax sale in which the 1982 taxes on plaintiffs' real estate were sold to defendants F.B. Trust, Belle–East and D.D. Ballinger. The County neither sought nor obtained relief from the automatic stay before conducting the tax sale. Subsequently, on February 27, 1985, an order was entered dismissing plaintiffs' Chapter 11 bankruptcy petition for cause pursuant to 11 U.S.C. § 1112, and the case was closed on April 30, 1985.

On February 26, 1986, one day prior to expiration of the two year period for redemption from the tax sale (see Ill.Rev. Stat., ch. 120, § 734), plaintiffs redeemed the tax sale certificates by paying their 1982 taxes with interest and penalties. On that same date, plaintiffs filed a complaint in state court seeking a declaration that the tax sale of their property was void *ab initio* as being in violation of the automatic stay of 11 U.S.C. § 362 (Count I) and, additionally, seeking damages from the various defendants for the alleged violation of the automatic stay (Count II). After dismissal of their complaint in state court, plaintiffs filed the instant complaint, which is virtually identical to their original complaint, in the federal district court on December 23, 1987, and the cause was subsequently transferred to this Court.

Defendants Perry County, Illinois, Don Hirsch, Frank Magnin, F.B. Trust, Belle–East, D.D. Ballinger and James McRoberts have filed motions to dismiss plaintiffs' complaint, alleging that the complaint fails to state a claim upon which relief may be

granted and that it is untimely because it was filed after this Court had lost jurisdiction following dismissal and closing of plaintiffs' bankruptcy case. Defendant McRoberts, who was plaintiffs' attorney during their Chapter 11 proceeding, alleges further that he should be dismissed as a defendant because the stay under § 362 is not meant to bind the debtor's attorney but, rather, is intended to enjoin actions by a creditor or a creditor's attorney.

■ The Court finds initially that Attorney McRoberts' objection to plaintiffs' complaint is well taken and that the complaint should be dismissed as to him. Plaintiffs' allegation against McRoberts that he failed to take any action to protect their legal rights after their property was sold for taxes in violation of the automatic stay is essentially an allegation of negligence. Such an allegation is not properly before this Court in plaintiffs' action for violation of the automatic stay. Accordingly, defendant McRoberts' motion to dismiss plaintiffs' complaint against him will be granted.

■ The Court additionally finds that, contrary to the position taken by some of the remaining defendants, a tax sale held after the filing of a bankruptcy petition to satisfy a prepetition obligation constitutes a violation of the automatic stay. *In re Young,* 14 B.R. 809 (Bankr.N.D.Ill.1981); *see Richard v. City of Chicago,* 80 B.R. 451 (N.D.Ill.1987); *In re Eisenberg,* 7 B.R. 683 (Bankr.E.D.N.Y.1980). In considering the effect of a tax sale conducted pursuant to Illinois statute, the *Young* court stated:

> The tax sale was manifestly within the parameters of section 362(a) since it was a judicial proceeding which attempted to collect payment of a pre-petition debt.

14 B.R. at 811.

The automatic stay, by its terms, binds "all entities" (11 U.S.C. § 362(a)), which includes "governmental units" (11 U.S.C. § 101(14)). The County, moreover, cannot claim that it was immune from the automatic stay by reason of sovereign immunity, as 11 U.S.C. § 106(c) specifically precludes such a defense. *See In re Eisenberg; In re Haight,* 52 B.R. 104 (Bankr.S.

D.N.Y.1985); *see also Matter of Ballentine Bros., Inc.,* 86 B.R. 198 (Bankr.D.Neb. 1988): tax sales do not come within the exemption from automatic stay of § 362(b)(4) regarding regulatory functions of state and local authorities. Thus, the County's tax sale conducted in violation of the automatic stay was void and without legal effect regardless of whether the participants had notice or knowledge of the existence of the stay. *See In re Young; see also Richard v. City of Chicago.*

■ Defendants assert, however, that plaintiffs' complaint seeking redress for violation of the automatic stay is untimely and that this Court is without jurisdiction to hear the complaint filed more than two years after plaintiffs' bankruptcy petition was dismissed and their case closed. It is axiomatic that the bankruptcy court is divested of jurisdiction over property of the estate and disputes relating to that property once the bankruptcy case is closed. While § 350(b) of the Bankruptcy Code provides for reopening of a bankruptcy proceeding to, among other things, "accord relief to the debtor" (11 U.S.C. § 350(b)), the decision to reopen a case is within the sound discretion of the court, and a case will be reopened only upon demonstration of compelling circumstances justifying it. *Matter of Gratrix,* 72 B.R. 163 (D.Alaska 1984); *In re Rediker,* 25 B.R. 71 (Bankr. Tenn.1982).

In the instant case, defendants argue that any claim for violation of the automatic stay became moot when plaintiffs allowed their Chapter 11 bankruptcy case to be dismissed and subsequently redeemed the property by paying the taxes and interest due. They note that, because of the redemption, no tax deeds were ever issued on plaintiffs' property and the tax sale did not affect plaintiffs' possession of or title to the property. Defendants contend that consideration of plaintiffs' complaint at this time would serve no purpose and that the complaint should, therefore, be dismissed.

In view of the present posture of this case and the effect of plaintiffs' actions following the tax sale, the Court agrees

that there is little justification to reopen plaintiffs' bankruptcy case at this time. By their complaint, plaintiffs seek a declaration that the tax sale was void and an order returning all matters to their pre-sale status. They further assert that they were damaged in that a cloud was placed on their title to the real estate and that they were forced to redeem the property at a price far in excess of the amount of taxes due. A declaration by this Court that the tax sale was void, however, would not serve to return matters to their pre-sale status, as the dismissal of plaintiffs' bankruptcy case caused the automatic stay to be lifted so that all parties with claims against the estate were free to proceed on those claims. *See* 11 U.S.C. § 362(c). The Court declines to speculate as to whether or when plaintiffs would have paid their back taxes following dismissal of the bankruptcy case if the February 1984 tax sale had not been conducted. In any event, the interest penalties owing by reason of plaintiffs' delinquency would have continued to accrue during and after the bankruptcy proceeding even if the tax sale had not been held. The amounts paid by plaintiffs in excess of the taxes due were the result, not of the tax sale conducted in violation of the stay, but of plaintiffs' failure to pay the taxes within the required time period.

Plaintiffs' election to redeem from the tax sale, moreover, has rendered moot any claim for relief regarding title to the subject property. While plaintiffs could have petitioned to have the tax sale set aside either during the bankruptcy proceeding or by motion to reopen after dismissal of the case, once such redemption had been effected no further threat existed with regard to plaintiffs' title by reason of the tax sale. This case is thus unlike the situation in *Richard v. City of Chicago*, where a tax deed was issued at the end of the redemption period and the court found cause to reopen the bankruptcy proceeding to invalidate the tax deed and return title to the debtor.

Plaintiffs additionally seek damages "as a result of the denial of due process and civil rights violations associated with the deliberate, willful and contumatious [sic] disregard by the defendants of the mandates of the [Bankruptcy Code]." The Court notes that § 362(h), which provides for recovery of actual and punitive damages caused by willful violation of a stay, was not in effect at the time the tax sale was conducted in February 1984. While this Court has the inherent power to enforce compliance with its orders through imposition of sanctions under 11 U.S.C. § 105 (*see* 2 *Collier on Bankruptcy*, §§ 105.03, 362.11 (15th ed. 1988)), it would be inappropriate to award damages to plaintiffs here where there has been no showing of actual damages and plaintiffs did not act to protect their rights until over three years after the violation complained of. Accordingly, the Court finds no basis for reopening the plaintiffs' bankruptcy proceeding to afford relief to plaintiffs. Since the Court has no jurisdiction otherwise to consider plaintiffs' complaint, it must be dismissed for lack of jurisdiction.

IT IS ORDERED, therefore, that defendants' motions to dismiss plaintiffs' complaint are GRANTED and that plaintiffs' complaint is DISMISSED.