In re ALLEGHENY INTERNATIONAL CREDIT CORPORATION, Debtor.

ALLEGHENY INTERNATIONAL CREDIT CORPORATION, Debtor In Possession, Appellee,

v.

DEBOIS INVESTMENT GROUP, and Phoenix Bond & Indemnity Company, Appellant.

Civ. A. No. 89–1295.
Bankruptcy Nos. 88–1222, 88–448.
Adv. No. 88–425.

United States District Court, W.D. Pennsylvania.

April 4, 1991.

George L. Cass, Pittsburgh, Pa.

Owen W. Katz, Pittsburgh, Pa.

## MEMORANDUM OPINION

LEE, District Judge.

Allegheny International Credit Corporation (AICC), a debtor-in-possession in a case under chapter 11 of the Bankruptcy Code pending in the United States Bankruptcy Court for the Western District of Pennsylvania, sought a determination that AICC properly redeemed real estate from an Illinois tax sale (Count I of AICC's Complaint at Adversary No. 88–425), or, in the alternative for avoidance of any foreclosure of the right of redemption as a fraudulent transfer under Bankruptcy Code § 548, 11 U.S.C. § 548 (Count I of AICC's Complaint at Adversary No. 88–425).

The defendants, Phoenix Bond & Indemnity Company (Phoenix), the original tax sale purchaser, and DeBois Investment Group, Inc. (DeBois), Phoenix's assignee, filed a motion to dismiss Count I of the Complaint, or in the alternative, to abstain. By Order of Bankruptcy Judge Cosetti entered December 7, 1988, defendants' motion to abstain was denied, and Count I of the Complaint was continued generally. Following a trial on Count II of the Complaint, the Bankruptcy Court entered an Order on May 2, 1989, finding that the conveyance of the real property to be null and void, striking the conveyance from the Illinois property records, directing AICC to tender redemption payments required by Illinois law and dismissing Count I as moot.

Phoenix and DeBois appealed the entry of such order to this Court.

The facts at issue are not in dispute. In May of 1985 Otto and Evelyn Wratschko purchased real property known as 4117–25 North Broadway, Chicago, Illinois. They obtained a purchase money mortgage in the amount of $445,500 from AICC. The Wratschkos failed to pay their property taxes and on January 17, 1986, pursuant to a tax sale, a Certificate of Purchase of the property was issued by Clerk of Cook County, Illinois to Phoenix. Phoenix, then extended the statutory redemption period to April 12, 1988, and, subsequently, assigned its rights in the property to DeBois.

On June 6, 1986, AICC commenced foreclosure proceedings. The property was conveyed by deed to AICC on January 29, 1988 by the Sheriff of Cook County and the deed was recorded on February 3, 1988.

On April 8, 1988, at the request of AICC, the County Clerk prepared an estimate of the cost of redeeming the property. On April 11, 1988, AICC mailed certified funds for the cost of redemption. The Clerk received the funds on April 13, 1988, but returned such to AICC for failure to include the requisite estimate of redemption. AICC resubmitted the funds along with the estimate of redemption, but the Clerk returned such to AICC because the redemption period had expired. DeBois then applied to the Circuit Court of Cook County for the issuance of a tax deed.

On May 3, 1988, AICC filed a petition for relief under Chapter 11 of the Bankruptcy Code. The petition stayed the action in the Circuit Court for the issuance of the tax deed.

AICC then commenced a proceeding in the Bankruptcy Court pursuant to 11 U.S.C. § 548(a). That section empowers the trustee or debtor in possession to "avoid any transfer of the interest of the debtor in property ... that was made ... on or within one year before the date of filing of the petition, if the debtor ... (2)(A) received less than reasonably equivalent value in exchange for the transfer or obligation; and (B)(1) was insolvent on the date that such transfer was made ..."

Though all parties agree that the one-year period for exercising avoidance powers under § 548 is May 3, 1987 through May 2, 1988, AICC contends that the expiration of the redemption period, April 12, 1988, constitutes the transfer which may be avoided under § 548. DeBois alleges that the date of the transfer, as envisioned by § 548, was January 17, 1986, the date of the tax sale.

Judge Cosetti of the Bankruptcy Court found that the transfer occurred when the redemption period expired on April 12, 1988, and voided the transfer to Phoenix and DeBois. Phoenix and DeBois then appealed to this Court.

The District Court must uphold the factual findings of the Bankruptcy Court, unless such findings are "clearly erroneous." Fed.R.Civ.P. 52(a); *In re Huntington, Ltd.*, 654 F.2d 578, 583 (9th Cir.1981). This Court is empowered to review *de novo* the Bankruptcy Court's conclusions of law. *In re Daniels–Head & Associates*, 819 F.2d 914 (9th Cir.1987); see also *In re AOV Industries, Inc.*, 792 F.2d 1140, 1146 (D.C. Cir.1986).

Section 548 of the Bankruptcy Code provides for the avoidance of "transfers" made with fraudulent intent, i.e., actually fraudulent conveyances (§ 548(a)(1)) as well as constructively fraudulent conveyances (§ 548(a)(2)). A conveyance is constructively fraudulent if: (1) the debtor was insolvent on the date of transfer (§ 548(a)(2)); (2) the debtor received less than "a reasonably equivalent value" in exchange for the transfer (§ 548(a)(2)(A)); and (3) the transfer is made within one year prior to filing the bankruptcy petition (§ 548(a)). *Butler v. Lomas and Nettleton Company*, 862 F.2d 1015, 1017 (3rd Cir. 1988).

■ The Code defines a "transfer" as: "... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property, including retention of title as a security interest <u>and foreclosure of the</u>

debtor's equity of redemption ..." [1] 11 U.S.C. § 101(50) (emphasis added).

The effect of the 1984 amendment to define a transfer as a foreclosure of the equity of redemption, was to statutorily recognize that while the granting of a security interest may be one transfer, a second transfer occurs upon foreclosure of the debtor's equity interest. The issue before this Court is when does the transfer occur for § 548 avoidance purposes.

Though § 101(50) defines a "transfer" under the Bankruptcy Code, § 548(d)(1) defines when a transfer of an interest of the debtor occurs in relation to avoidance as:

"[W]hen such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in such property transferred that is superior to the interest in such property of the transferee ..."

11 U.S.C. § 548(d)(1).

A review of the relevant authority is necessary to determine whether the tax sale in January, 1986, constituted the transfer that was so perfected at that time that a subsequent bona fide purchaser from the delinquent tax owner of the property could not acquire an interest in such property superior to the interest of the tax sale purchaser, or whether the date of the expiration of the redemption period constitutes such transfer. We must determine, therefore, the property interests transferred, and at what point such interests were transferred, due to the Wratschko's failure to pay property taxes and the subsequent tax sale, under Illinois law.

The Illinois Revenue Act (Illinois Revenue Statutes, Chapter 120, paragraphs 482, et seq.) provides an exclusive remedy to raise and collect *ad valorem* taxes in Illinois. Paragraph 697 of Chapter 120 of the Illinois Revised Statutes states that taxes levied pursuant to the act are a "prior and first lien on such real property, superior to all other liens and encumbrances ... until the same are paid or until the property is sold pursuant to [the] Act." The county collectors are authorized under Paragraph 706 to apply for Judgment and Order of Sale against those "lands and lots" upon which the lien of taxes has attached and payment is delinquent. Under Paragraphs 713 and 716, judgment is entered against each land and lot in the amount of the tax delinquency shown in the Tax Judgment, Sale, Redemption and Forfeiture Record.

After judgment, the property is sold pursuant to Paragraph 719, and, under Paragraph 728, the successful bidder is issued a Certificate of Purchase. This transfer is not the physical transfer of title. Transfer of title to the property occurs upon the judicial finding that the two (2) year period of redemption has expired without redemption, and that all interested persons have been timely notified of the tax sale and of the pendency of a petition for a tax deed. See Paragraph 747. If a petition for a tax deed is filed in the Circuit Court where the property is situated and a notice complying with Paragraphs 744 and 747 is served upon persons with a redeemable interest, an order for tax deed will be entered unless the property is timely redeemed from the sale.

AICC and the Bankruptcy Court contend that the property was transferred to Phoenix at the expiration of the right of redemption. Such statement is true, however, in the context of § 548 of the Bankruptcy Code, the proper inquiry is not when transfer of property occurred, but is when a "transfer of an interest of the debtor in property" [2] occurred.

██ "Under Illinois law, a tax sale does not pass legal or equitable title to the property to the purchaser. Title to the land does not pass to the tax purchaser until the passing of the period of redemption and issuance of the tax deed. The 'tax certificate holder merely holds a chose in ac-

---

1. The underlined language was added by the 1984 amendments to the Bankruptcy Code and codified at 11 U.S.C. § 101(48). In 1986 the Code was again amended and this same provision was recodified at 11 U.S.C. § 101(50).

2. See 11 U.S.C. § 548(a).

tion'." *In re Young,* 14 B.R. 809, 812 (N.D.Ill.1981); *Thornton, Ltd. v. Kusper,* 77 Ill.App.3d 192, 197, 32 Ill.Dec. 669, 395 N.E.2d 1050 (1979). In *Richard v. City of Chicago,* 80 B.R. 451 (N.D.Ill.1987), the district court validated the holding in *In re Young,* stating that a tax sale transfers to the purchaser a tax assessment claim against the property. The cases refer to that being transferred as a "lien" or a "chose in action."

Because of the absence of authority in Illinois relating to tax sales and § 548 of the Bankruptcy Code, and because we believe the interests affected by a foreclosure sale properly parallel those affected by a tax sale, we find the analysis of the Bankruptcy Court of the Northern District of Illinois in *In re Ristich,* 57 B.R. 568 (Bankr.N.D.Ill.1986) to be very significant. Similar to the levied taxes creating a lien on real property under the Illinois Revenue Act, the granting of a mortgage creates a lien on the property in favor of the mortgagee, with title remaining with the mortgagor. *In re Ristich,* 57 B.R. at 574, See also *Kling v. Ghilarducci,* 3 Ill.2d 454, 455, 121 N.E.2d 752 (1954). If there is a default on the mortgage, and the property is sold at a foreclosure sale, legal and equitable title, as well as the right of possession, remain with the mortgagor. *In re Ristich,* 57 B.R. at 574, *Lightcap v. Bradley,* 186 Ill. 510, 58 N.E. 221 (1900). The purchaser at the sale, therefore, obtains only the right to receive either the redemption money, or if no redemption is made, the deed. As in an Illinois tax sale, then, the certificate of purchase from an Illinois foreclosure sale, conveys a vested right to future title subject only to divestment within the proper period. *Ristich* at 574.

The foreclosure sale transforms the debtor's "fee simple absolute" into a "fee simple determinable." Though the right to possession and the right to alien the property were not transferred, those rights, after the sale, were subject to the expiration of the redemption period. Thus, the sale reduced the debtor's property rights and interest in the property to a right of redemption. *Ristich* at 574, see also *Matter of Tynan,* 773 F.2d 177, 179 (7th Cir.

1985). Only upon the exercise of such right of redemption could the fee simple determinable become a fee simple absolute.

A foreclosure sale under Illinois law clearly affects "interests of the debtor in property" relative to § 548 of the Bankruptcy Code. Though that which is transferred at a tax sale, is described as a "lien" or "chose in action," it is obvious in comparing the realities of such sale with that of a foreclosure sale that a tax sale also reduces the debtor's rights and interests in the property to a right of redemption.

Our next inquiry, as above stated, is whether "such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in such property transferred that is superior to the interest in such property of the transferee ..." Again, we look at the Illinois foreclosure sale as a parallel to the tax sale. A post-foreclosure sale transfer of the property by the debtor would be effective only upon payment of the redemption price. In absence of such payment, a transfer to a third party by debtor would be statutorily defeated upon termination of the redemption period. *In re Ristich,* 57 B.R. at 575.

■ The effect of an Illinois tax sale on a subsequent transfer is no different. Any interest transferred post-tax sale is effective only upon payment of the redemption price. A bona fide purchaser after the tax sale does not acquire an interest in such property transferred that is superior to the interest in such property of the tax sale transferee.

AICC was a post-tax sale transferee of the Wratchko's property through the foreclosure. Obviously, AICC did not acquire an interest superior to the tax sale transferee, Phoenix (Assignor to DeBois), because AICC did not redeem, and was unable to divest DeBois' interests.

We, therefore find that a tax sale affects "interests of the debtor in property" pursuant to § 548 of the Bankruptcy Code, and the date of such transfer, as controlled by § 548(d)(1), is not the expiration of the re-

demption period, but rather the date of the tax sale. Because the tax sale occurred on January 17, 1986, more than one (1) year before the date of the filing of the bankruptcy petition, such transfer is not subject to avoidance under § 548 of the Bankruptcy Code, 11 U.S.C. § 548.

The Order of the Bankruptcy Court shall be reversed, and the case remanded for hearing on Count 1 of AICC's Complaint.

An appropriate order shall issue.