**In re Diane Grace MOUREAU, Debtor.**

**Diane Grace MOUREAU, Plaintiff,**

v.

**GLEN INVESTMENTS,
et al., Defendant.**

Bankruptcy Nos. 92 B 18281, 92 A 1268.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Nov. 10, 1992.

Kenneth S. Borcia, Libertyville, Ill., Diane Grace Moureau, Wadsworth, Ill., Andrew Maxwell, Chicago, Ill., for debtor.

Glen Investments, Richard Biondi, Lake County Sheriff, Frank Lennon/Civil Process, Waukegan, Ill., for Glen Investments.

## MEMORANDUM OF DECISION

EUGENE R. WEDOFF, Bankruptcy Judge.

The adversary proceeding presently before the court involves a complaint brought by the debtor, Diane Grace Moureau, against the purchaser of her home at a tax sale, Glen Investments. The complaint is based on the fraudulent conveyance provisions of Section 548 of the Bankruptcy Code (Title 11, U.S.C.), and Glen Investments has filed a motion to dismiss the complaint on the ground that it is untimely. For the reasons stated below, the Court finds that the action was timely filed and thus denies the Glen Investments' motion to dismiss.

### Jurisdiction

This Court has jurisdiction to hear this contested matter pursuant to 28 U.S.C. § 1334(a–b), 28 U.S.C. § 157(a), (b)(1–2), and General Rule 2.33 of the United States District Court for the Northern District of

---

Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A, H, O).

### Alleged Facts

The following facts are alleged in the debtor's amended complaint.

The debtor currently resides on and formerly was the title holder of certain real estate located in Wadsworth, Illinois, which is worth $90,000.

On December 4, 1989, in connection with a tax sale pursuant to Illinois law, Glen Investments paid $1,383.26 for the unpaid real estate taxes owed on the property. From 1989 to 1991, the Glen Investments paid an additional $5,163.34 in real estate taxes. Thus, it paid a total of $6,546.60 in taxes due on the property.

On June 15, 1992 the debtor's homestead redemption rights expired. Consequently, Glen Investments obtained a tax deed on June 19, 1992. Thereafter, a state court entered an order on August 4, 1992 which granted Glen Investments possession of the property. On August 17, 1992 the debtor commenced this case.

### Conclusions of Law

■ Section 548(a) of the Bankruptcy Code (Title 11, United States Code) allows the avoidance of certain transfers that were made or incurred "on or within one year before the date of the filing of the petition." The motion to dismiss contends that the transfer in question—a conveyance of the debtor's interest in real estate pursuant to a tax sale—occurred more than a year before the filing of the debtor's bankruptcy petition. The motion raises the question of when a transfer occurs, for purposes of Section 548, in connection with a tax sale under Illinois law. The tax sale procedures of Illinois contain four stages, pursuant to the Revenue Act of 1939 (the "Act"), Ill.Rev.Stat. ch. 120, paras. 482 *et seq.* (1991), as described in *In re McKeever,* 132 B.R. 996, 1005–07 (Bankr.N.D.Ill.1991), and in *In re Wells Properties, Inc.,* 102 B.R. 685, 689–90 (Bankr.N.D.Ill.1989). These stages are:

(1) Attachment of the tax lien—liens attach at the time real property taxes are levied, on the first day of a calendar year. Act § 216, Ill.Rev.Stat. ch. 120, para. 697.

(2) Tax sale—upon non-payment of the taxes, a sale may be conducted in which a bidder may pay the taxes and receive a certificate of purchase. Act §§ 245, 248, Ill.Rev.Stat. ch. 120, paras. 726, 729.

(3) Expiration of the redemption period— after which the owner of the property may no longer prevent issuance of a tax deed to the tax purchaser. Act § 266, Ill.Rev.Stat. ch. 120, para. 747.

(4) The actual issuance of the deed. *Id.*

Two recent decisions have addressed the question of the point in this process at which a transfer occurs for purposes of Section 548. *In re McKeever,* 132 B.R. at 1008–1011, holds that this point was at stage (3), the expiration of the redemption period. This court agrees. Until the expiration of the redemption period, "any owner or person interested in real estate other than an undisclosed beneficiary of an Illinois land trust" has a right to redeem the property. Ill.Rev.Stat. ch. 120, para. 734(a). Thus, until the passing of the redemption period, a bona fide purchaser of the property from the debtor, being an owner or person interested in the real estate, may acquire an interest in the property transferred that is superior to the interest in such property of the transferee. Simply by redeeming, a bona fide purchaser is able to eliminate the tax purchaser's interest. On the other hand, once the time for redemption expires, the bona fide purchaser can do nothing to prevent the tax purchaser from obtaining a deed.

The other pertinent decision, *In re Allegheny International Credit Corp.,* 128 B.R. 125 (Bankr.W.D.Pa.1991), holds that the point of transfer is at stage (2), the tax sale. However, *Allegheny International* appears to recognize that a bona fide purchaser of the debtor's interest may defeat the property interests of a tax purchaser by redemption. Referring to the former mortgage foreclosure law in Illinois, the court states, "A post-foreclosure sale transfer of the property by the debtor would be effective only upon payment of the redemption price. In the absence of such pay-

ment, a transfer to a third party by the debtor would be statutorily defeated upon termination of the redemption period." 128 B.R. at 128. The court goes on to state that "[t]he effect of an Illinois tax sale on a subsequent transfer is no different." *Id.* The decision does not explain why the right of redemption should not be considered an interest in property superior to the right of the tax purchaser.

■ Therefore, this court follows the holding of *McKeever* and rejects that of *Allegheny International.* In the present case, the period of redemption expired on June 15, 1992. That is the date of the transfer to the tax purchasers. This bankruptcy was filed on August 17, 1992, within one year of the transfer.

For the reasons stated above, the Court finds the fraudulent conveyance complaint to be timely and denies Glen Investments's motion to dismiss.