F. S. ELLIS, Judge.
This suit was originally instituted by Southern Farm Bureau Casualty Insurance Company against Linnie G. Burks and her husband, Michael O. Burks, for the sum of $332.75 paid by it for repair of damages to an automobile owned by L. V. Kelley, which occurred in an accident on May 18, 1963.
Mr. and Mrs. Burks answered the reconvened for personal injuries suffered by Mrs. Burks and their daughter, Lisa Burks, as well as property damage and medical expenses suffered by Mr. Burks. Judgment was rendered on the reconven-tional demand in favor of Mrs. Burks in the sum of $2,500.00, and in favor of Mr. Burks in the sum of $662.50. The Court dismissed the principal demand of plaintiff, and that portion of the reconventional demand concerning the claim for injuries to Lisa Burks. Plaintiff-appellant appealed, complaining of the award granted herein, but not contesting liability. Appellees answered the appeal, asking an increase in the award made to Mrs. Burks to $7,500.00.
The record reveals that this accident happened on May 18, 1963, and that Mrs. Burks visited Dr. H. B. Holden, her family physician, on the following day. On examination, Dr. Holden found she had abrasions and contusions of both knees, a hematoma of both upper tibia regions of her legs, and a small hematoma on the right side of her jaw. Dr. Holden further testified that, on her second visit, Mrs. Burks complained of some low back pain and some trouble with her neck. Dr. Holden saw her a total of six times in his of *90 fice, once in the emergency room, and on one follow-up office visit. He discharged her on July 8, 1963. At that time, he was of the opinion that she had made a good recovery from her injuries suffered in the accident, and anticipated no permanent disability.
Not long after the discharge, Mrs. Buries consulted Dr. Holden relative to a pregnancy. He saw her through this, and through the birth of her child. During the pregnancy, she complained of low back pain, but the doctor did not relate it to the accident. However, subsequent to the birth of the baby, she continued to complain of the low back pain. At the time of the trial, on January 28, 1965, Mrs. Burks was still complaining of back trouble when she did her housework. Under direct questioning by the Court, Dr. Holden testified that he felt that Mrs. Burks’ complaints at that time were probably attributable to the accident.
The testimony of Dr. Holden, and that of Mrs. Burks, is the only testimony in the record relative to her injuries. Appellant argues that, in view of the doctor’s opinion of July 8, 1963, in which he stated that Mrs. Burks had recovered and would have no residual disability, she should be entitled to recover only for the seven-weeks period between the date of the accident and the date of that report. However, Dr. Holden testified that it was only after her pregnancy was over and the back pain continued that he realized that she was still suffering some residual effects from the accident. It is evident that the trial judge, in awarding the sum of $2,500.00, accepted the testimony of Mrs. Burks and of Dr. Holden.
Mrs. Burks suffered no disabling aftereffects from the injury to her knees, her jaw or her neck. It is apparent from the record that, after the initial soreness wore off, Mrs. Burks suffered only mild discomfort. However, in view of the duration thereof, it certainly can not be said that the award made herein was either excessive or inadequate.
Appellant further complains that there is not sufficient evidence in the record to sustain the award of $662.50 made to-Mr. Burks. It is pointed out that, in the reconventional demand, Mr. Burks only prayed for $657.00.
Mr. Burks testified that he had two estimates made of the damages to his car, and. these were placed in evidence without objection. The smaller of these, by Robinson-Motors, amounted to $527.50. He further testified that he never had his car repaired, and finally traded it for about $30.00-worth of gravel.
On cross examination, Mr. Burks was. asked the value of his car, and testified that he felt it was worth $600.00 or $650.00'.
Medical expenses totalling $135.00 were proven, and these bills are in the record.
When all such testimony is admitted without objection, and no evidence to the contrary is placed in the record, the Court was certainly entitled to accept it at face value. However, the Court should have allowed appellant a credit for the gravel received in exchange for the car.
Accordingly, the judgment appealed from will be amended by reducing the award in favor of Mr. Burks to $632.50, and as amended affirmed.
Affirmed.