FRUGÉ, Judge.
A lessor brought this suit against her former lessee for damages caused to the leased premises during the period of occupancy. The trial resulted in a judgment for the lessor, and the defendant-lessee has appealed. The lessor has answered requesting an increase in damages and in the award of attorney’s fees. We affirm.
A written lease was entered into by the parties for a period of nine months, from September 20, 1962, through June 20, 1963, for a consideration of $65.00 per month. At the end of the written lease, the parties agreed to continue the terms of the lease, but with an increase in the monthly rental. The lease was terminated December 15, 1968, when the lessor discovered that certain damage had been done to the house. The trial court found that at the beginning of the lease the house was in good shape in all respects, and that the house had suffered injuries, and awarded damages for the following:
1. Replace canvass and wallpaper in kitchen, $170;
2. Replace sixteen broken window panes, $56;
3. Remove hot water and cold water drain pipes in kitchen, $15;
4. Replace two pair cabinet door hinges that were broken, $4;
5. Remove one-110 hot wire in kitchen, $15;
6. Remove all wood floors that were damaged by food or dog stain, $211.-05;
7. Repair roof that was damaged by T.V. antenna, $16; for TOTAL $487.05.
The rest of the claimed damages as listed below were denied:
1. Remove 2x4 frames in five windows;
*194 2.The overhead, insurance, etc., contained in the contractor’s estimate.
Damages to the movable property as awarded by the judge were:
1. A front porch set, a glider and two chairs, $30;
2. Mahogany dressing table bench, $35;
3. Two breakfast room Windsor chairs, $50;
4. Three antique walnut fern stands, $35;
5. Table reflector, $15; for a total of $165.
No award was granted for the following items: a window fan that was stored in defendant’s garage; a leaded antique mirror; a stove and icebox stored in the garage; box spring and mattress which were also stored in the garage; the bathroom hamper, which wore out through normal wear during the course of six years of occupancy of the house. The trial judge also denied damages for expenses in reconnecting heaters and replacing destroyed and broken up mantels. In addition to this, the combined total award of $652.05, the judge awarded attorney’s fees of $150.
The evidence bears out the correctness in the results of the judgment. There is hardly any evidence to indicate that the house and furnishings were not in a good state of repair at the beginning of the lease.
The trial court accepted the testimony of the plaintiff’s witnesses that the house was in excellent condition during September, 1962, when the Bowmans moved in; that it was dirty, and in a torn-up condition when they moved out in December, 1968. The amount of damages for the destruction done was proven by the plaintiff by the testimony of a reputable building contractor. The judge was correct, however, in refusing damages where defendant proved that he could have made the restoration, but was prevented from doing so by the lessor.
We can find no error with the judge’s assessment of damages. He heard the evidence and based his opinion upon the estimates presented by the plaintiff’s witnesses. An estimate of cost of repairs will support a judgment, and it is not necessary that damaged property be actually repaired. Southern Farm Bureau Casualty Ins. Co. v. Burks, 183 So.2d 88 (La.App. 1st Cir., 1966); Lambert v. Allstate Insurance Company, 195 So.2d 698 (La.App. 1st Cir., 1967; Jackson v. Firemen’s Insurance Company, 86 So.2d 220 (La.App. 1st Cir., 1956).
There is no basis for appellant’s contention that plaintiff was getting double compensation. Plaintiff has now submitted that the destruction was within contemplation of the lessor and that this was the sole factor considered in reaching the increased rental. In any event, this agreement is not reflected in the testimony nor could one hardly believe that a lessor would knowingly permit destruction of his property for an increased rental.
The trial judge, based on a provision for attorney’s fees in the written lease in question, granted plaintiff $150 for attorney’s fees. We do not find an increase in attorney’s fees, as requested by appellee in his answer, is warranted in this case.
For the foregoing reasons, the judgment appealed from is affirmed. Defendant-appellant to pay the costs.
Affirmed.