In re Oakley V. HAIGHT, III, Debtor,

VILLAGE SAVINGS BANK, Movant,

v.

TOWN OF LEWISBORO, Respondent.

Bankruptcy No. 85 B 20015.

United States Bankruptcy Court,
S.D. New York.

May 24, 1985.

materially hamper their efforts.

Taylor, McCullough, Goldberger & Geoghegan, Harrison, N.Y., for Village Sav. Bank.

Blum & Minicus, Katonah, N.Y., for Town of Lewisboro.

## DECISION ON MOTION FOR ORDER STAYING SALE OF LIEN

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Village Savings Bank, the holder of a first mortgage against the real property of the debtor, Oakley V. Haight, III, located in the Town of Lewisboro, New York, seeks to vacate the tax lien of the Town of Lewisboro and to enjoin the Town from disposing, assigning or enforcing the Town's tax lien with respect to the debtor's real estate on the ground that such conduct would violate the automatic stay imposed under 11 U.S.C. § 362. The Town of Lewisboro denies that its proposed tax lien sale infringes the proscription under 11 U.S.C. § 362.

### FACTS

On January 12, 1984, the debtor executed a promissory note in favor of Village Savings Bank which was secured by a first mortgage in the sum of $109,000 on real property owned by the debtor as his residence in South Salem, Town of Lewisboro, New York. The Town of Lewisboro holds a tax lien against the debtor's real property for unpaid 1984/1985 school taxes in the amount of $4,457.22, plus interest and penalties, which tax became a lien on the debtor's real property on July 1, 1984, and was due and payable on September 1, 1984.

On January 11, 1985, the debtor, Oakley V. Haight, III, filed with this court his petition for relief under Chapter 13 of the Bankruptcy Code. Accordingly, the Town of Lewisboro's tax lien was validly obtained on July 1, 1984, before the debtor filed his Chapter 13 petition.

Pursuant to the Town's proposed sale of the tax lien, the Town will offer to sell its tax lien as an item of personal property to any potential purchaser at a price not less than the amount of the lien. In the event there are no interested purchasers, the Town will be required to bid the amount of the lien and will retain the tax lien against the debtor's real estate.

### DISCUSSION

Pursuant to 11 U.S.C. § 362(a)(4), the filing of a bankruptcy petition operates as a stay applicable to all entities of "any act to create, perfect, or enforce any lien against property of the estate." The term entity is defined in 11 U.S.C. § 101(14) to include a "governmental unit." Hence, the Town of Lewisboro is not immune from the application of the automatic stay. This point is made clear under 11 U.S.C. § 106(c), where governmental sovereign immunity is expressly waived with respect to the operation of the automatic stay. Additionally, 11 U.S.C. § 362(a)(6) extends the stay to any act to collect a prepetition claim against the debtor.

The Town of Lewisboro argues that its proposed tax lien sale is not a foreclosure action and will not affect the debtor's title to the real estate to which the lien relates. Therefore, the Town contends that the proposed tax lien sale "is a sale of the personal property of said municipality and in no way affects the estate of the debtor nor does it create, perfect, or enforce any lien against the property of the debtor's estate." This position elides the fact that the proposed tax lien sale is a step along the road to the enforcement of the Town's prepetition tax claim by attempting to coerce the debtor into paying the delinquent taxes. Indeed, subsection (3) of § 283.391 of the Westchester Administrative Code specifically states:

3. *If, notwithstanding such notice, the owner or owners shall refuse or neglect to pay such tax, assessment and penalties and the charges attending*

*such notice and advertisement, it shall be lawful for the supervisor to cause such tax lien on such lands and tenements to be sold at public auction* for the purpose and in the manner expressed in the advertisement, and such sale shall be made on the day and at the place for that purpose mentioned in such advertisement, and shall be continued from time to time, if necessary, until all the tax liens on the lands and tenements so advertised shall be sold.

(emphasis added).

In the case of *In re Eisenberg,* 7 B.R. 683 (Bkrtcy.E.D.N.Y.1980), it was held that a municipality's tax lien sale violated the automatic stay under the Bankruptcy Code because such sale constituted an act to enforce a tax lien. The court said:

> A tax sale is defined as "the method by which a tax district enforces payment of any delinquent tax lien by sale." N.Y. Real Prop. Tax Law sections 1040(2) and 1102(2) (McKinney 1979). Accordingly, any act committed by Respondents in furtherance of effecting the sale of the tax lien is an act in violation of section 362(a)(4) and (5). To enforce its tax lien a governmental unit must first "cause a notice of sale to be published" in the newspapers. N.Y. Real Prop. Tax Law section 1002(1) (McKinney Supp.1980). It is clear that by causing the notice of sale of the tax lien to be published and sending a copy thereto to Westside Federal, Respondents performed an act to enforce its tax lien subsequent to the filing of the debtors' Chapter 13 petitions in violation of 11 U.S.C. section 362(a)(4) and (5).

7 B.R. at 685–86 (footnotes omitted). Similarly, in *In re Young,* 14 B.R. 809, 811 (Bkrtcy.N.D.Ill.1981) it was held that a postpetition tax lien sale was void because it had as its purpose the collection of delinquent prepetition taxes.

 Although the proposed tax lien sale will not affect the debtor's title to the real property that is subject to the lien, it is no less an act to collect a prepetition claim than is a postpetition dunning letter which is treated as violative of 11 U.S.C. § 362(a)(6). *See Olson v. McFarland Clinic, P.C. (In re Olson* ), 38 B.R. 515, 517 (Bkrtcy.N.D.Iowa 1984); *In re Almodovar,* 35 B.R. 289, 292 (Bkrtcy.D.P.R.1983). Accordingly, the proposed tax lien sale is subject to the automatic stay.

CONCLUSIONS OF LAW

1. The Town of Lewisboro's prepetition tax lien is valid and may not be vacated.

2. The Town's proposed tax lien sale is a step towards the post petition enforcement of a lien proscribed under 11 U.S.C. § 362(a)(4) and constitutes an effort to collect a prepetition claim, which is stayed under 11 U.S.C. § 362(a)(6).

3. The Village Savings Bank's motion to enjoin the Town of Lewisboro's proposed tax lien sale is granted.