WARD, Judge.
This appeal by defendant New Orleans Public Service, Inc., questions only the quantum of damages awarded to plaintiff Karen Hughes for property damages to her automobile and for mental suffering she sustained when a NOPSI transformer exploded and dropped burning debris on Hughes’ 1978 Datsun 280Z. The automobile was unoccupied at the time of the explosion. NOPSI admitted liability, and the only issues at a bench trial in First City Court were the cost of repairing Hughes’ automobile and the value of her consequential inconvenience. The Trial Judge awarded Hughes $567.00 for the cost of repair and $270.00 for mental anguish. NOPSI suspensively appealed that judgment, arguing that the Trial Judge erred in his assessment of both awards. Hughes answered the appeal, seeking damages for a frivolous appeal.
An appellate court may disturb a damage award on appeal only where an abuse of discretion is apparent on the record. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
The Trial Judge’s assessment of the property damages to Hughes’ automobile is explained in his reasons for judgment:
The testimony and evidence demonstrated that Ms. Hughes’ vehicle was damaged in the amount of $567.00. This finding is based on the testimony of a representative of Eugene LeCron, Inc., a person, who the Court found to be experienced and knowledgeable, rather than the lower estimate of $195.33 obtained by the defendant, which was not supported by competent testimony and which appeared to be cursory and incomplete.
NOPSI complains that the award of $567.00 for the repair of Hughes’ automobile is an abuse of discretion by the Trial Judge because it is the higher of the two automobile repair estimates introduced as evidence at trial. NOPSI also argues that Hughes must first repair her car before she is entitled to recover a damage award.
Where considerable variance exists between estimated damages, rendering calculation difficult, much discretion is accorded to the Trial Judge’s assessment of damages. Sahuque Realty Co. v. Employers Commercial Union Insurance Co. of America, 327 So.2d 563 (La.App. 4th Cir.), cert. denied, 330 So.2d 617 (La.), writ denied, 331 So.2d 496 (La.1976). An estimate of the cost of repair will support an award of damages; it is not necessary that the damaged property be actually repaired. Lambert v. Allstate Insurance Co., 195 So.2d 698 (La.App, 1st Cir.1967); Abaunza v. Bowman, 252 So.2d 192 (La.App. 3rd Cir.), writ denied, 259 La. 954, 253 So.2d 793 (1971).
Hughes’ witness, Charles Fritsch, Jr., testified that he had been employed at Eugene LeCron, an auto body repair shop, for forty-three years and was the assistant manager and one of four appraisers. The court qualified him as an expert, and he testified that he examined Hughes’ automobile eleven days after the explosion and found small burn marks on certain areas of the car. He recommended that the roof, hood, right and left fenders, header panel and right door be sanded, primed and painted. Additionally, a strip on the right door needed to be reapplied. His estimate of *644 $567.00 was based on 17.5 hours of labor at $22.00 an hour.
In direct contrast to this testimony was that of NOPSI’s witness, Randy Rodasta, an appraiser for Louisiana Auto Appraisals, who examined Hughes’ automobile on the day of the explosion. The Trial Judge refused to qualify Rodosta as an expert because he had had only a three-week appraisal course plus three months of on-the-job training. Rodosta determined that only the roof, hood and lift gate should be repainted. His estimate of $195.33 was based on 6.4 hours of labor at $20 an hour plus paint and materials for $51.20. Because Louisiana Auto Appraisals does not have a body shop, its appraisers derive their estimates from rates published in an appraisal book used by body shops in the city. Rodosta testified he did not itemize time for sanding and priming in his estimate because the time to paint the car included time to prepare it.
A second witness for NOPSI, Gary Gas-pard, testified that he had been employed as an appraiser at Louisiana Auto Appraisals for four years, and previously had managed several body shops, including Datsun dealerships, for ten years. The Court accepted Gaspard as an expert, and he testified that approximately one month after the accident he inspected Hughes’ automobile. He agreed with Rodasta’s estimate, stating that the variance between the two estimates existed because: 1) Fritsch’s estimated time to paint the roof exceeded the time listed in the appraisal guide, 2) Rodasta’s estimate did not include the damages to the door and fenders because they did not appear to be caused by a fire, and 3) Rodasta’s estimate for the time to prepare and paint the automobile was not based on sanding and priming the entire surface but merely scuffing the entire surface and filling the burn marks. Gas-pard also testified that certain shops could paint the entire car for $400.00.
In view of the significant variance between the opinions of Hughes’ witness and NOPSI’s witnesses on the issue of quantum, and being mindful that evaluations of credibility are peculiarly the province of the Trial Judge, we cannot say that the Trial Judge abused his discretion in assessing the property damages to Hughes’ car at $567.00.
Turning now to the Trial Judge’s award of $270.00 for mental anguish damages, NOPSI argues that Hughes did not present sufficient evidence to prove these damages. We agree. The facts of this suit do not warrant such an award because Hughes suffered only minimal or normal worry and inconvenience as a consequence of the property damages to her automobile. Farr v. Johnson, 308 So.2d 884 (La.App. 2d Cir.), writ denied, 315 So.2d 143 (La.1975). Accordingly, we reverse the Trial Judge’s award of $270.00 for mental anguish damages.
Hughes answered NOPSI’s appeal and sought damages for frivolous appeal contending that NOPSI’s appeal was totally without merit. Because we reversed the award for mental anguish damages, this appeal was not frivolous. Brown v. Morgan, 449 So.2d 606 (La.App. 1st Cir.1984). Hughes’ claim for frivolous appeal damages is therefore denied.
AFFIRMED IN PART, REVERSED IN PART.