BYRNES, Judge.
Lessee, David Smith, appeals a judgment of the district court which dismissed his action for damages and awarded damages on a reconventional demand filed by the lessor, John Callico. We affirm the judgment of the district court.
This suit arises from the verbal, monthly lease of certain real property located at 832 Clouet Street in New Orleans. The property in question was owned by the defendant and leased to the plaintiff and his girlfriend on June 9, 1986. The couple moved into the apartment on June 13, 1986. The monthly rental was $275.00 and a security deposit of $250.00 was paid in five installments over the first five months of the lease. The facts surrounding the termination of the lease and the condition of the apartment at the time of termination are in dispute.
Mr. John Callico testified that the rent was due and payable on the 10th of each month and there existed a five day grace period in which the payment could be made. Mr. Callico stated that he was informed in late May or early June that the plaintiff’s girlfriend was leaving the premises and that the plaintiff would continue to live there. However, according to the defendant, when he went to collect the rent, he was told by the plaintiff, on June 9, 1987 that plaintiff would be moving. Mr. Callico testified that he informed the plaintiff that if he moved by the 15th of the month and *1104 no damage to the apartment existed, his security deposit would be returned. Mr. Callico further testified that he did not return the deposit because most of plaintiffs furniture remained in the apartment until the 15th of the month and certain items of furniture were present in the apartment up until June 25, 1987. Additionally, Mr. Callico stated that there was damage to the apartment in that a new kitchen vinyl floor had been torn, there was a hole in the living room wall and the toilet in the bathroom was cracked. Mr. Callico also stated that he told both plaintiff and his girlfriend that the security deposit would not be returned because of these reasons.
According to Mr. Callico, he could not remember receiving a copy of a letter demanding return of the security deposit. He further stated that he did not provide the tenants copies of the receipts from the repair expenditures because, at that time, he was unable to find them.
The plaintiff refuted the defendant’s testimony. According to David Smith he gave Mr. Callico notice of termination of the lease on June 7, 1987 and told him he would be moving on the 10th of June, 1987. Mr. Smith stated that he requested his deposit and was told it would not be returned until everything was removed from the apartment. According to Mr. Smith only a sofa and fan remained in the apartment and these items were removed by the 10th of the month.
Mr. Smith also testified that when he moved from the apartment the toilet was not cracked, there was no hole in the wall, and the apartment was clean. Smith stated, however, his deposit was not returned and he did not receive a statement of repairs and expenses.
The plaintiffs testimony was corroborated by his girlfriend, Andrele Williams.
On appeal, plaintiff first contends that the trial court erred in finding he had abandoned the premises.
Louisiana Civil Code Article 2686 provides that written notice 10 days before the expiration of the month for the termination of a monthly lease:
La.C.C. Art. 2686. Notice of termination when - no agreement as to duration
The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other, at least ten days before the expiration of the month, which has begun to run.
In the instant case the trial judge, in his reasons for judgment stated that he believed the testimony of the defendant and found that the “plaintiff did not give adequate notice before vacating the apartment and that the plaintiff continued to occupy the apartment during June 1987 without paying rent for that month.”
Confronted with a conflict in the testimony, the trial judge was in the best position to assess the credibility of the witnesses. He clearly believed the testimony of the defendant and we cannot say he was clearly wrong. Rosell v. Esco, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). It is apparent from the testimony of the defendant that the plaintiff did not give written notice of termination of the lease 10 days before the expiration of the month as required by Louisiana Civil Code Article 2686. As such, when the plaintiff vacated the premises under these circumstances he “abandoned the premises without adequate notice.” This action constituted a default on the monthly lease by the plaintiff and, as correctly found by the trial court judge, it obligated him for the monthly rental amount due for June, 1987.
Plaintiff next argues that the trial court erred in not finding the defendant willfully violated Louisiana Revised Statute Title 9 Section 3251.
Louisiana Revised Statute Title 9 Section 3251 and 3252 govern the handling of a lessee’s deposit, and provides as follows:

PART IV. LESSEE'S DEPOSIT

R.S. 9 Section 3251. Lessee’s deposit to secure lease; retention by lessor; con *1105 veyance of the leased premises; itemized statement by lessor
A. Any advance or deposit of money furnished by a tenant or lessee to a landlord or lessor to secure the performance of any part of a written or oral lease or rental agreement shall be returned to the tenant or lessee or residential or dwelling premises within one month after the lease shall terminate, except that the ■landlord or lessor may retain all or any portion of the advance or deposit which is reasonably necessary to remedy a default of the tenant or to remedy unreasonable wear to the premises. If any portion of an advance or deposit is retained by a landlord or lessor, he shall forward to the tenant or lessee, within one month after the date the tenancy terminates, an itemized statement accounting for the proceeds which are retained and giving the reasons therefor. The tenant shall furnish the lessor a forwarding address at the termination of the lease, to which such statements may be sent. (Emphasis added).
⅜: ⅜ ⅝ ⅝ ⅜ ⅜
R.S. 9 Section 3252. Damages; Venue A. The willful failure to comply with R.S. 9:3251 shall give the tenant or lessee the right to recover actual damages or two hundred dollars, whichever is greater, from the landlord or lessor, or from the lessor’s successor in interest. Failure to remit within thirty days after written demand for a refund shall constitute willful failure.
In this case, as previously discussed, the trial judge found the plaintiff had defaulted on the lease thus obligating him for the June 1987 rental payment. Additionally he found the “plaintiff caused damage to the premises, necessitating extensive repair work.” These findings are fully supported by the record. As such, the lessor was legally justified in retaining the security deposit. Moreover, since the lessees apparently did not provide a forwarding address where an itemized statement could be sent to account for the proceeds which were retained, the lessor’s action did not constitute d willful failure to comply with the provision governing lessee’s deposits. La.R.S. 9:3251 & 9:3252. As such the trial judge did not err in refusing to find that the defendant willfully violated Louisiana Revised Statute Title 9 Section 3251.
Finally, plaintiff argues that the trial court erred in awarding rent and damages against him.
The defendant testified that the plaintiff moved from the premises without giving adequate notice and without paying his last month’s rental. Additionally, Mr. Callico testified that the premises sustained damage, during plaintiff’s occupancy, in the form of a hole in the living room wall, a cracked toilet and a torn rug in the kitchen.
Thus the decision by the trial court to award rent and damages against the plaintiff was fully supported by the record and we find no error in this regard. For the reasons assigned the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.