577 So.2d 778 (1991)
GULFCO FINANCE OF FARMERVILLE, INC., Plaintiff-Appellee,
v.
Gary L. McCORMICK, et al., Defendants-Appellants.
No. 22294-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
*779 Truett West, for defendants-appellants, Oran H. West & Lovie Beaird West.
Cusimano & Aswell by Harold W. Aswell, for plaintiff-appellee, Gulfco Finance Co. of Farmerville.
Before SEXTON, VICTORY and STEWART, JJ.
SEXTON, Judge.
Defendants, Oran H. West and Lovie Beaird West, appeal the district court's annulment of the 1984 tax sale wherein they acquired a tract of land, together with all improvements situated thereon, from Lillian Carroll. We affirm, though for reasons different from those cited by the district court.
On September 28, 1982, Lillian Carroll gave a mortgage to Gulfco on her separate property to secure a community debt she incurred with her husband, Glen F. Carroll, in the amount of $30,335.53.
On February 22, 1984, the Carrolls filed a petition with the United States Bankruptcy Court in the Western District of Louisiana, seeking discharge of their debts under Chapter 7 of the United States Bankruptcy *780 Code (Title 11, U.S.C). Notice was issued on February 24, 1984, which notice also contained a schedule of events pertinent to the bankruptcy proceedings, including the hearing on discharge scheduled for June 20, 1984.
Mrs. Carroll had apparently failed to pay taxes on the subject property for the 1983 tax year. From the record, it is uncertain whether Mrs. Carroll or Gulfco ever received notice regarding the property taxes, as required by LSA-R.S. 47:2180A, although the tax deed recites that the tax sale was advertised in The Gazette, a newspaper published weekly in Farmerville. The property went to tax sale on May 23, 1984, and the Wests purchased the property for $171.61.
On September 17, 1984, the Carrolls' bankruptcy trustee sold the subject property to Gulfco as the highest bidder.
On September 30, 1988, Gulfco filed suit against the Wests as well as Gary L. McCormick and Judy L. McCormick, seeking to have set aside two tax sales wherein the Wests and the McCormicks acquired the subject tract from Mrs. Carroll. The McCormicks settled their dispute with Gulfco and are not parties to the instant appeal. The district court heard evidence from Gulfco[1] and, after taking the matter under advisement, annulled the tax sale on the basis of defendants' failure to affirmatively prove that Mrs. Carroll or Gulfco ever received notice of the tax sale, as required by Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983).
The Wests now appeal, arguing that Gulfco was not entitled to any notice of the tax sale because it failed to file a request for notice in the mortgage records, as required by LSA-R.S. 13:3886. Gulfco argues that the Mennonite/13:3886 notice is not at issue because there was no evidence that the debtor was ever given notice; thus, the tax sale is still infirm. Additionally, Gulfco questions the constitutionality of 13:3886 under the circumstances and argues that the automatic stay under 11 U.S.C. § 362 of the Bankruptcy Code (hereinafter sometimes referred to as § 362) should have prevented the tax sale from proceeding.
When Mrs. Carroll and her husband filed their bankruptcy petition on February 22, 1984, an estate was created, comprised of, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a); In re Young, 14 B.R. 809, 811 (N.D.Ill.1981). Thus, the immovable property at issue became property of the bankrupt estate on February 22, 1984.
The filing of a bankruptcy petition operates as a stay of all judicial and non-judicial proceedings, with certain enumerated exceptions, applicable to all entities of "any act to create, perfect, or enforce any lien against the property of estate." 11 U.S.C. § 362(a)(4).
The stay prevents creditors from commencing or continuing judicial or administrative proceedings against the debtor, attempting in any way to collect a prepetition debt, attempting to create a lien against property of the estate or attempting to enforce a lien against property of the debtor to the extent such lien secures a pre-petition claim. 11 U.S.C. § 362(a); In re Young, supra at 811.
The stay created by § 362 is automatic, In re Young, supra at 811; is effective upon the date of the filing of the bankruptcy petition, Richard v. City of Chicago, 80 B.R. 451, 453 (N.D.Ill.1987); In re Eisenberg, 7 B.R. 683, 686 (E.D.N.Y. 1980); requires no actual notice or formal service, Richard v. City of Chicago, supra at 453; In re Eisenberg, supra at 686; Collier Bankr.Cas.2d, ¶ 362.03; and lasts for the duration of a bankruptcy proceeding absent modification by the bankruptcy court, Richard v. City of Chicago, supra at 453. Actions taken in violation of the stay are void ab initio and are without effect, regardless of notice. Cf. Kalb v. *781 Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2d Cir.1987), cert. denied, 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988); Collier Bankr. Cas.2d ¶ 362.11.
The automatic stay is designed to prevent dismemberment of a debtor's estate, to ensure its orderly distribution, and to allow a debtor the chance to rehabilitate free of any harassment or prejudice that would result from his creditors' pursuit of individual actions. Richard v. City of Chicago, supra.
In the instant case, the fact that the parish of Union is a governmental unit as defined in 11 U.S.C. § 101(26)[2] does not immunize it from the automatic stay provisions of § 362. The automatic stay provisions expressly apply to "all entities." The term "entity" includes a "governmental unit." 11 U.S.C. § 101(14); In re Haight, 52 B.R. 104 (S.D.N.Y.1985). Governmental sovereign immunity is expressly waived with respect to the automatic stay. 11 U.S.C. § 106; In re Haight, supra.
The tax sale at issue was manifestly within the parameters of § 362 because it was a proceeding which attempted to collect payment of a pre-petition debt. In re Young, supra at 811. Tax sales have as their purpose coercion of negligent and unwilling citizens into paying delinquent taxes. In re Haight, supra at 105; In re Young, supra at 811. The sale of Mrs. Carroll's immovable property for the nonpayment of delinquent taxes is the type of creditor action which § 362 stays. In re Young, supra at 811.
Because the stay that attached to Mrs. Carroll's property was neither vacated nor modified by the bankruptcy court, the tax sale of the property to the Wests occurred in violation of the stay and was void ab initio and was without legal effect. Richard v. City of Chicago, supra at 453. Accordingly, the district court was correct in annulling the tax sale, although this decision was based on other legal grounds.
Because we conclude that the tax sale should not have occurred due to the automatic stay, we need not consider the other legal issues regarding notice to Mrs. Carroll or Gulfco. The district court's judgment is affirmed and costs are assessed to appellants.
AFFIRMED.
NOTES
[1] The Wests put on evidence regarding only the amount of taxes paid on the subject property since the tax sale.
[2] At the time the Carrolls filed their petition, the definition of "governmental unit" was contained in paragraph (21) of § 101.