LEBLANC, Judge.
Plaintiffs, Mr. and Mrs. Steven Bertini, appeal a summary judgment dismissing their wrongful death suit against defendant, Henry John Poole. We affirm.
On March 15, 1989, plaintiffs’ minor son was killed by a tree which fell from an adjacent lot (Lot 40, County Club Estates) into plaintiffs’ yard. At that time, Lot 40 was assessed to defendant, John Poole, in accordance with a tax deed issued on May 31, 1985. This tax deed was issued pursuant to a May 15, 1985 tax sale resulting from the nonpayment of 1984 taxes by the owners of Lot 40, Edward and Debra Turncliff.
Prior to the tax sale, a petition in bankruptcy was filed by the Turncliffs on February 25, 1985, in the United States Bankruptcy Court for the Eastern District of Louisiana. St. Tammany Parish was listed as' a creditor for unpaid 1984 taxes on the schedule of creditors attached to the Turncliffs’ petition. On March 7, 1985, a notice of the automatic stay of proceedings or actions against the debtors provided in 11 U.S.C. § 362(a) was sent to each listed creditors. On May 15, 1985, without modification or lifting of the automatic stay, the tax sale in question was held.
Defendant paid the taxes on Lot 40 from 1985 through 1988. However, he never took corporeal possession of the property and never took action to quiet title.
On April 28, 1989, plaintiffs filed a wrongful death suit against John Poole, as well as others not parties to this appeal. In their petition, plaintiffs base their claim against defendant for the death of their son on the fact that defendant “purchased the subject property in 1986 at a tax sale and has paid the taxes on the property for the years 1986 through 1988.” Defendant answered plaintiffs’ petition on July 10,1989, denying plaintiffs’ allegations and further asserting that he was not the owner of Lot 40 because the tax sale of May 15, 1985, was absolutely void as being in violation of the automatic stay of the bankruptcy court.
On September 30, 1992, defendant filed a motion for summary judgment [1], arguing that he was entitled to a dismissal of plaintiffs’ claims against him because he never acquired custody, control or possession of Lot 40, and had never quieted title thereto. Following a hearing on November 4, 1992, the trial court granted defendant’s motion for summary judgment. Plaintiffs now appeal.
ANALYSIS
Defendant’s motion for summary judgment was based on two grounds: 1) that he never perfected title to or took physical or legal possession of Lot 40 and therefore, did not have garde over this property; and, 2) that the tax sale, pursuant to which he acquired a tax deed to Lot 40, was void and without effect. The trial court rendered summary judgment in favor of defendant on the basis that a tax purchaser who does not quiet title and does not take possession of property purchased at a tax sale, does not acquire garde of the property within the meaning of La.C.C. art. 2317. We do not reach this issue, however, because we find merit in defendant’s argument that the tax sale was void ab initio and, therefore, did not transfer any legal interest in Lot 40 to him.
When the Turncliffs filed their petition for bankruptcy on February 25, 1985, a stay of judicial and non-judicial proceedings to collect debts from the debtors automatically went into effect under 11 U.S.C. § 362(a). The application of this automatic stay prevented any creditor from commencing or continuing judicial or non-judicial proceedings against the debtors, attempting in any way to collect a pre-petition debt, attempting to create a lien against property of the estate or attempting to enforce a lien against property of the estate to the extent such lien secured a pre-petition claim. 11 U.S.C. § 362(a); Gulf- *714 co Finance v. McCormick, 577 So.2d 778, 780 (La.App. 2nd Cir.1991). A tax sale held as a result of a tax debt arising prior to the filing of a bankruptcy petition falls with the scope of the automatic stay provided by 11 U.S.C. § 362(a). Thus, the tax sale which was held in this case on May 15, 1985, subsequent to the filing of the Turncliffs’ bankruptcy petition, was a violation of the automatic stay then in effect, since the stay was not modified or lifted prior to the sale. In Re Shamb-lin, 890 F.2d 123, 125-126 (9th Cir.1989); Richard v. City of Chicago, 80 B.R. 451, 453 (N.D.111.1987). A tax sale held in violation of a § 362(a) stay is void ab initio and without any legal effect. Id.[2]
Since the tax sale of May 15, 1985, was void and without effect, it did not transfer any ownership interest in Lot 40 to defendant. Further, it is undisputed that defendant never took possession of the property. Considering these facts, the trial court correctly concluded that defendant’s relationship to Lot 40 was not such as to impose liability upon him for the death of plaintiffs’ son. The judgment of the trial court is affirmed. Plaintiffs are to bear the costs of this appeal.
AFFIRMED.

. An earlier motion for summary judgment by defendant was denied.

. We are aware that there is a split in federal jurisprudence regarding whether actions violating the automatic stay provided by 11 U.S.C. § 362(a) are void ab initio or merely voidable. For example, Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir.1990) and Sikes v. Global Marine, Inc., 881 F.2d 176, 178-179 (5th Cir.1989), each held that such actions are voidable rather than void. However, other federal courts have concluded that such violations are automatically void based on the fundamental purpose of the automatic stay and the vital role it serves in the bankruptcy scheme. See, In re Schwartz, 954 F.2d 569, 571-572 (9th Cir.1992) and cases cited therein; In re Garcia, 109 B.R. 335, 340 (N.D.I11.1989). We agree with the latter position, because otherwise the effect of the automatic stay could be undermined by persons who violate the stay on the chance that they might benefit therefrom if no action is taken to set the violation aside. See, Schwartz, 954 F.2d at 572; Garcia, 109 B.R. at 340.