639 So.2d 349 (1994)
UNITED BUILDING COMPANY, Plaintiff-Appellee,
v.
George E. HARP, et al., Defendants-Appellants.
No. 25852-CA.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1994.
*350 Robert I. Thompson, III, Shreveport, for appellant, George E. Harp.
George E. Harp, Shreveport, for appellant, Robert I. Thompson, III.
Weiner, Weiss, Madison & Howell by John M. Madison, Jr., Shreveport, for appellee.
Before NORRIS, VICTORY and WILLIAMS, JJ.
WILLIAMS, Judge.
Lessees appeal a judgment awarding the lessor unpaid rent, operating expenses, parking fees, property damages and attorney fees. For the reasons expressed, we affirm in part and reverse in part.

FACTS
The lease agreement was entered into by plaintiff-lessor, United Building Company, and defendant-lessees, George Harp and Robert Thompson. The five-year lease of office space was for a period of five years, from April 11, 1983 through April 10, 1988, for a consideration of $1,819.73 per month.
When the lessees vacated the premises in March 1988, before the lease terminated, they removed the antique door knobs from the doors, the carpet in one of the offices and the entry door to the office suite. After the lessor demanded the return of the items, the lessees replaced the carpet with inferior carpet and returned the entry door in a damaged condition. The antique doorknobs were not returned. Lessor replaced the carpet and the entry door. The lessor then filed suit requesting the rent due under the lease for a portion of the month of April 1988, parking fees for April 1988 and the replacement costs for the antique doorknobs, the carpet and the entry door. Additionally, lessor requested the operating expenses for the years 1987 and 1988, and an award of attorney fees. The lessees filed a reconventional demand contending the lessor breached its agreement to grant them a right of first refusal on additional office space. The trial court rendered judgment in favor of the lessor *351 and dismissed the lessees' reconventional demand. The lessees appeal.

DISCUSSION

Unpaid Rent:
The lessees argue there was no rent due under the lease because the lessor had given them permission to vacate the premises before the lease terminated. Lessees contend they notified Alvin Childs, Jr., the managing partner, that they would be moving when the renovation of their new office space was completed. The lessees claim Childs told them he could accommodate them if they left early because a new tenant could move into the office space they were currently leasing. They also assert Childs informed them another law firm had exercised its option on their office space and they would not be responsible for the remaining rent due under the lease agreement.
Childs testified that although he told the lessees they could leave early because another tenant could move into the office space they were leasing, he did not intend to terminate the lease early.
The lessor asserts it is entitled to the rent due under the lease for a portion of the month of April 1988 based on the following lease provision:
The Leased Premises shall be surrendered to Lessor, broom clean, no later than the last day of the lease term, with the entire leased premises and improvements thereon in good repair, reasonable wear and tear expected, and all equipment and systems in good operating condition. Should Lessee surrender the premises in other than the above specified condition, Lessee hereby grants Lessor the right to have the premises placed in such condition and Lessee agrees to promptly pay the cost of reconditioning, as well as rental for the period necessary to accomplish same.

(emphasis added)
The trial court concluded that under the terms of the lease, the lessor was entitled to rent for a portion of the month of April 1988 because the lessees did not leave the premises in a usable condition. It found the lessees removed some of the carpet, all of the doorknobs and the entry door to the office space without the lessor's permission. The trial court held that as a result of the lessees actions, the office was not in a condition to be rented to another tenant without renovation. Under the contract, the lessees agreed to pay rental for the period necessary to recondition the premises if they surrendered the premises in poor condition. On this record we cannot say the trial court was clearly wrong in awarding the lessor unpaid rent for a portion of the month of April 1988.

Parking Fees:
The lessees also assign as error the trial court's finding that parking fees were due for April 1988. The trial court held that the parking spaces were assigned to the unusable office suite and since the suite had to be reconditioned before it could be leased, the defendants owed parking fees in addition to rental fees.
The testimony shows that the rental of the assigned parking space was on a month to month basis. LSA-C.C. Art. 2686 provides that the party who intends to terminate a monthly lease must give notice in writing to the other party at least ten days before the expiration of the month that has begun to run. See Smith v. Callico, 562 So.2d 1102 (La.App. 4th Cir.1990). The defendants did not give the lessor written notice of their intent to terminate the lease for the parking spaces. Therefore, the trial court's award of parking fees for April 1988 was not clearly wrong.

Operating Expenses:
The lessees complain that it was error for the trial court to award the lessor operating expenses for 1987 and 1988. The lessees assert in brief that the operating expenses for 1987 were paid before trial. However, the record does not contain any evidence supporting the lessees' assertion. The lessees merely introduced a copy of the bill for the 1987 operating expenses. Thus, on this record, the trial court's award of the *352 1987 operating expenses was not clearly wrong.
The lessees also contend they did not pay their pro rata share of the 1988 operating expenses because these expenses were not calculated in accordance with the terms of the lease. Plaintiff admitted that the 1988 operating expenses were not properly calculated; however, no evidence was introduced to prove the correct amount due under the lease. Thus, the trial court's award of the 1988 operating expenses was clearly wrong.

Damages:
The lessees further complain the trial court erred in awarding the lessor damages. It is undisputed that lessees removed the carpet from the leased premises. Thompson, one of the lessees, testified that he removed the carpet from the office to install in his home. He explained that he replaced the lessor's carpet with carpet he initially intended to install in his new office. Relying on Abaunza v. Bowman, 252 So.2d 192 (La.App. 3d Cir.1971), writ denied, 259 La. 954, 253 So.2d 793 (1971), the lessees contend the lessor is not entitled to recover damages because it would not accept the replacement carpet. In Abaunza, the court, without providing the factual circumstances, held that the lessor was not entitled to an award for the damages the lessee proved he could have restored but was prevented from doing so by the lessor.
Linda Covington, plaintiff's commercial property manager, testified that the carpet installed by the lessees could not be used in the office because it was actually pieces of carpet that had been patched together.
The evidence shows that not only did the lessees wrongfully take the carpet that was the property of the lessor, but they replaced it with carpet that had been patched together. The trial court found that the lessor was entitled to the cost of replacing the carpet, and on this record, we cannot say the trial court's conclusion was clearly wrong.
The lessees also contend the trial court erred by awarding the lessor damages for the damaged entry door. They contend the door was scarred by the unauthorized acts of their agent and therefore they should not be held liable.
Thompson testified he instructed his contractor to remove the firm's name and suite number, which had been affixed to the door. He claims the contractor removed the door from the premises without his authorization. This argument is not supported by the record. Lessees instructed their contractor to remove the letters that were affixed to the door. The trial court apparently concluded that the door was scarred when the contractor attempted to remove the letters from the door. We cannot say this conclusion was clearly wrong.
The lessees complain the trial court erred in awarding the lessor damages for the antique doorknobs removed from the doors in their office space. They claim Mr. Childs informed them that they could purchase the doorknobs from the lessor for $1,500.
The lessor argues the lease provides that "all alterations, additions or improvements made by Lessee shall become the property of Lessor at the termination of this lease without any obligation of payment to Lessee." The lessees rely on Metzler v. Rising T Racing Stables, 461 So.2d 1219 (La.App. 1st Cir.1984) as support for their argument that the lessor is not entitled to the antique doorknobs because they were not on the premises at the termination of the lease.
We find Metzler, supra, distinguishable from the instant case. In Metzler, the lease agreement provided that any additions made to the property by the lessee would become the property of the lessor at the termination of the lease. The lease was not renewed but since the lessees continued to occupy the premises, the lease became a month to month lease by operation of law. The court concluded the lessor did not acquire ownership of the additions made by the lessee because he failed to prove the additions were accomplished while the original lease agreement was in effect. Therefore, the lessees' argument that the lessor must prove the doorknobs were present on the premises when the lease terminated is misplaced.
Further, when a factfinder's finding is based on its decision to credit the testimony of one or more witnesses, that finding can never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La. *353 1989). The trial court found that Childs explained the cost of supplying the lessees with antique doorknobs and the lessees agreed to the cost. On this record, we cannot say the trial court's conclusion is clearly wrong.

Attorney Fees:
The lessees further contend the trial court abused its discretion in awarding the lessor $4,656.22 in attorney fees. The lessees complain that the use of a senior partner and an associate to prosecute a $3,900 claim caused the accumulation of excessive attorney fees. However, the invoice presented by the lessor's counsel shows that only one attorney handled this case for the first two years of the litigation and a second attorney handled this case for the remaining years.
The award of attorney fees must be reasonable based upon the degree of skill and work involved in the case, the number of court appearances, the depositions, the office work and the time spent in court. After considering these factors, we conclude the trial court did not abuse its discretion in awarding $4,656.22 in attorney fees for the prosecution of this claim.

Reconventional Demand:
Finally, the lessees contend the trial court erred in dismissing their reconventional demand. In response to lessor's petition, the lessees reconvened asserting they incurred damages because the lessor did not allow them to exercise their contractual right of first refusal on additional office space. The trial court rejected their demand because they failed to put forth evidence in support of their claim. Although we agree with the trial court's denial of the lessees' claim, we reach this conclusion for a different reason.
On February 1, 1991, the lessor filed a petition for relief under Chapter 11 of the Bankruptcy Code. The filing of a bankruptcy petition operates as an automatic stay that prevents creditors from commencing or continuing judicial or administrative proceedings against the debtor. 11 U.S.C. § 362(a); Gulfco Finance v. McCormick, 577 So.2d 778 (La.App. 2d Cir.1991).
The stay created by Section 362 is automatic and is effective upon the date of the filing of the bankruptcy petition. Gulfco Finance, supra; Collier on Bankruptcy § 362.03. Actions taken in violation of the automatic stay are void ab initio and are without effect even if there was no formal service of process. Gulfco Finance, supra; Fields v. Demint, 107 B.R. 194 (W.D.Mo. 1989); Collier on Bankruptcy § 362.11.
Normally, proceedings filed against the debtor prior to his filing of bankruptcy are suspended. Fields, supra (citing Saathoff v. J.B.H. & Associates, Inc., 203 Neb. 356, 278 N.W.2d 762, 769 (1979); McKiever v. King & Hatch, Inc., 366 So.2d 264 (Ala.1978)). However, the lessees in the instant suit filed their reconventional demand after the lessor filed its petition for bankruptcy. Therefore, the lessees' demand is void and the trial court's rejection of their claim was proper.

CONCLUSION
Accordingly, that portion of the trial court's judgment which awarded the lessor the unpaid rent and parking fees for April 1988; the unpaid 1987 operating expenses; the replacement cost of the antique doorknobs, the front door and the carpet; and attorney fees in the amount of $4,656.22 is affirmed. That portion of the judgment which awarded the lessor 1988 operating expenses is reversed.
AFFIRMED IN PART; REVERSED IN PART.