RDUFRESNE, Judge.
This is an appeal by Sandra W. Hester, plaintiff-appellant, from a summary judgment dismissing her wrongful discharge suit against a former employer on grounds that it was filed in contravention of a bankruptcy court’s stay order and was thus void ab ini-tio. For the following reasons, we vacate that judgment and remand the matter to the district court for further proceedings.
The pertinent facts are straightforward. Plaintiff was employed by the Murray Law Firm, a P.L.C., on July 12, 1989, and was fired on January 19, 1990. Nine months later, on October 29, 1990, the Murray Law Firm, a P.L.C., as well as two of its members, Robert Barnett Murray and Patricia Rivet Murray, filed petitions in Bankruptcy Court. Those petitions resulted in the two Murrays being discharged in a Chapter 7 proceeding on July 9, 1991, and the Murray Law Firm being compromised on May 3, 1995. On January 18, 1991, some |3three months after the above bankruptcy petitions were filed, plaintiff instituted the present action in Civil District Court for the Parish of Orleans against the firm, Patricia Murray, and several other attorneys at the firm. Her asserted causes of action included wrongful discharge, defamation, improper withholding of wages, racial discrimination, and possibly several others. However, by request of plaintiff, service on all defendants was withheld. Five years later, on January 18, 1996, plaintiff filed an amended petition naming Robert Murray as an additional defendant, and finally requested that all parties be served.
The Murrays and the law corporation (which apparently no longer exists as a legal entity) urged a motion for summary judgment asserting two legal grounds upon which the suit against them should be dismissed. First, they argued that the affirmative defense of discharge in bankruptcy, as per La. Code Civ.Pro., Art. 1005, should be upheld because the judgment of the bankruptcy court did, in fact, discharge the indebtedness alleged in the complaint. Second, they contended that upon the filing of the bankruptcy petitions, the automatic stay provisions of 11 U.S.C. sec. 362(a)(1) prohibited plaintiff from commencing any suit for any alleged indebtedness which arose before those filings. They further asserted that because this suit was filed in contravention of the stay, it is void ab initio, and of no legal effect, citing United Building Co. v. Harp, 25,852 (La.App.2d Cir. 6/22/94), 639 So.2d 349. Finally, they argued in this latter regard that the judgment of the bankruptcy court enjoined all alleged creditors |4from pursuing any further legal action against the debtors, and this prohibition includes the plaintiffs present actions in prosecuting her claim. The trial judge agreed with the reasoning that the petition was null because filed during the existence of the automatic stay, and dismissed the suit as to the Murrays and the law firm. Plaintiff now appeals.
Any party moving for summary judgment must show that there are no material facts in dispute, and that the movant is entitled to judgment as a matter of law, La.Code Civ. Pro., Art. 966. In the present matter, the defendants established that the events giving rise to the suit occurred prior to filing of the *795 bankruptcy petitions, that the suit could have been brought prior to those filings, and that the automatic stay provisions of 11 U.S.C. see. 362, applicable to plaintiffs pre-petition action, were in effect when the petition was filed. They argue that as a consequence, this suit is void ab initio, and of no legal effect.
Although there is jurisprudence, both federal and state, to this effect, that is not the law in the United States Court of Appeals for the Fifth Circuit. In Sikes v. Global Marine, Inc., 881 F.2d 176 (5th Cir.1989), the issue was whether plaintiffs petition for personal injury, filed against the debtor during pendency of the stay, but without knowledge of the bankruptcy proceeding, was void or merely voidable. The court explained that were the suit void, it would be a mere nullity and as such insusceptible of conformation or ratification, whereas were it voidable the bankruptcy court could annul or otherwise grant Rrelief from the stay and allow an action to continue. The court’s resolution of the question was as follows:
We hold that the filing of the Sikes’ complaint was a voidable action and that the bankruptcy court had the option to validate it. We further hold that the bankruptcy court validated the filing when it granted Sikes relief from the stay in its order of February 18, 1984, as restated and reinforced in its order of September 25,1987. (at 180)
Clearly, the trial judge’s conclusion that the suit was void ab initio, although prompted by reliance on the holding in United Building Co. v. Harp, supra, was nonetheless a mistake of law, and thus the summary judgment based on that error must be vacated.
We also note 11 U.S.C. secs. 523(a)(3)(A & B) provide that the claims of creditors not listed by the debtor are not discharged in an assets case unless the creditor was given notice or had actual knowledge of the bankruptcy in time to file the appropriate papers. The judgment of the bankruptcy court recites that all debts dischargeable under section 523 are discharged. Because it has not been established whether plaintiff had such knowledge, it is not possible on the record to determine whether the debt sued upon was in fact discharged by that judgment.
We finally point out that only the bankruptcy court has jurisdiction to determine whether the present matter is to be exempted from that court’s stay order, or to otherwise determine its dischargeability; a state district court does not have jurisdiction to make such- determinations, see Scott v. Bank of Coushatta, 501 So.2d 1032 (La.App. 2nd Cir.1987). Because the movants for summary | (judgment bear the burden of establishing the affirmative defense that the bankruptcy proceedings bar prosecution of the present suit in state court, it is incumbent upon them to bring forth a definitive order or judgment from the bankruptcy court either adjudging the underlying liability of this matter to have been discharged or the petition declared void or otherwise un-prosecutable. Absent such a showing, the district court must proceed with the case under applicable state law.
For the foregoing reasons, the summary judgment in this matter is hereby vacated and the matter is remanded to the Civil District Court for the Parish of Orleans for further proceedings.

JUDGMENT VACATED AND REMANDED FOR FURTHER PROCEEDINGS.